**GULFWAY GENERAL HOSPITAL, INC.,**
Appellant,

v.

**Arnold PURSLEY et ux., Appellees.**

No. 4442.

Court of Civil Appeals of Texas.

Waco.

Nov. 24, 1965.

Rehearing Denied Dec. 16, 1965.

Baker, Botts, Shepherd & Coates, John C. Held, Houston, for appellant.

Bracewell, Reynolds & Patterson, William Key Wilde, Houston, for appellees.

WILSON, Justice.

Plaintiff recovered judgment for personal injuries resulting from falling on the icy entrance of a private hospital which she was entering to obtain emergency treatment.

Plaintiff severed the tip of her finger in her kitchen. She walked over her own iced-over sidewalk and driveway to her car, and drove slowly two miles over ice-covered streets to the nearest hospital, that of defendant. Ice covered the ground. Plaintiff and her daughter walked to the emergency entrance on grass, because it was not so slick as the sidewalk. She had cautioned her daughter, "Now, we are going to have to be awfully careful," as they began the trip. "It was still misting rain and still had ice on the streets." She had not been to the hospital before, but she parked and followed signs reading, "emergency room," again cautioning her daughter "to be very careful." As plaintiff stepped on the porch and walked toward the emergency entrance door, she slipped and fell on the ice, sustaining injuries.

Plaintiff testified she saw the ice on the porch before she stepped on it; "the porch was open, and it was light there, where you could see the ice"; there was no doubt in her mind that there was ice on the porch and "it was slippery". On her counsel's examination she testified: "Q. If you knew that there was ice everywhere, ice was on the porch, and you knew there was a risk, why did you walk on the porch? A. That was the only way you

could get into the hospital. You had to go through some door."

Jury findings were to the effect that defendant's negligence in allowing ice to remain on the porch proximately caused plaintiff's injuries; that plaintiff knew of the icy condition of the porch before she went on it; that she appreciated the danger of walking on it; and the occurrence was not the result of an unavoidable accident.

We sustain defendant hospital's contention that plaintiff was not entitled to recover because plaintiff failed to establish that defendant owed her a duty to warn or protect her from the dangerous condition.

Plaintiff concedes: "Frankly, this is a case where the invitee, Mrs. Pursley, had knowledge of the condition and appreciated the danger," and ordinarily defendant would owe her no duty. She urges, nevertheless, that this case presents an exceptional situation because she did not encounter the risk as a result of an intelligent choice; she was under the compulsion of obtaining emergency medical treatment. She also insists that an extraordinary, or "very high" standard of care should be imposed in the maintenance of a hospital emergency entrance.

Did plaintiff's conduct, motive or justification affect defendant's duty? In Halepeska v. Callihan Interests, Inc., Tex., 1963, 371 S.W.2d 368, 379, the Supreme Court said: "A basic difference between contributory negligence on the one hand, and 'no duty' and *volenti* on the other, is the question of justification. Whether the plaintiff's conduct was justified may be an evidentiary consideration in deciding that a person of ordinary prudence should, or should not have so acted, but it is not a separate ultimate inquiry or issue." After thus relating "justification" to contributory negligence, and the *volenti* cases, the court emphasized, "The question of plaintiff's justification is not ordinarily involved in the 'no duty' concept." To this general rule the opinion did not foreclose possible

exceptions: "as where the plaintiff is motivated by humanitarian or rescue impulses."

 The reason plaintiff assumed the risk, and whether he *voluntarily* exposed himself to an open and obvious danger in an occupier-invitee situation ordinarily "becomes immaterial and passes out of the case" in determining whether defendant *owes a duty* to plaintiff. It is, by this, distinguished from the "volenti defense" under which voluntary exposure to risk is a material and necessary inquiry.

Plaintiff's exigency does not impose a duty on defendant in the present case. In our opinion, under the Halepeska decision, since the danger encountered was open and obvious, and the risk was known and appreciated by plaintiff, recovery is barred without regard to plaintiff's claimed justification.

We do not reach appellant's other points. The judgment is reversed, and judgment is here rendered that plaintiff take nothing.