Arthur S. SIMS, Individually and as Manager of the Community Estate, Appellant,

v.

**BUDDIES SUPER MARKETS, INC.,**
Appellee.

No. 17145.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 6, 1970.

Rehearing Denied Dec. 11, 1970.

**458**

Tillman & Darwin and Norman W. Darwin, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Munn and William L. Hughes, Jr., Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from a summary judgment granted on motion of the appellee in a suit against it for damages for personal injuries, based upon a slip and fall alleged to have occurred on December 11, 1968, on a sidewalk in front of appellee's store at about 4:30 P. M.

The only evidence presented to the trial court was contained in the deposition of Mary Lee Sims, appellant, and is summarized below.

The store in question, located on the north side of East Rosedale Street at its intersection with Ayers in Fort Worth, Texas, faces south. The parking area is in front of the store. On the occasion in question Mrs. Sims, age 59, was driven to the store by her husband. On arrival at the store, where she had been "many times," she got out of the car and entered the store. Mr. Sims remained in the car. He did not witness her slip and fall. Mrs. Sims completed her shopping. She checked out her groceries and asked the person who checked her through if someone was available to help her to the car with her groceries. No one was immediately available. She waited near the check stand with her groceries in a cart for about twenty minutes for someone to help her. She was not in any rush to be anywhere. "Since I waited so long, I was trying to get my groceries out. Everybody else was going out with the carts." She pushed her cart out of the grocery store to the walkway in front of the store and "stood there." She then proceeded west toward the area where her husband had parked the car. On the walkway ahead of her she observed that Christmas trees had been placed on both sides of the walkway. Some were along the curb side and others were against the wall of the building. There was a trail on the walkway between the trees. The trail, about three feet wide, was covered with pine needles and debris from the packing of the trees. The traffic in the parking area was very heavy and very busy. The appellant believing that the traffic in the parking area offered a greater hazard to her than the pine needles and debris on the walkway chose to push her cart over the pine needles and debris. In doing so she fell and was injured.

The appeal is based upon three points by which the appellant contends that the court erred in granting the summary judgment for the reasons: (1) that the appellee owed a duty to maintain a safe way to leave the super market and such duty was breached, (2) that appellant did not voluntarily assume the risks involved in walking down the dangerous sidewalk because there was no safe way to get out of the building, and (3) that appellant was not guilty of contributory negligence, as a matter of

law, and that there were no other defenses, as a matter of law, to justify the summary judgment.

We affirm.

By her brief and argument the appellant concedes that the "no duty" doctrine as defined and discussed by the Texas Supreme Court in the case of Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368, 379 (Tex. Sup., 1963), would apply to the facts of this case had she, an invitee, been injured by a condition which was open and obvious to her at the time of entering upon and using the premises rather than at the time of departing from the store.

Stated another way the appellant contends that at the time she entered the store to buy her groceries she was not aware of the dangerous condition created by the pine needles and debris from the Christmas trees. This dangerous condition did not come to her attention until she was on her way out of the store. The appellant argues that the case of Gulfway General Hospital, Inc. v. Pursley, 397 S.W.2d 93 (Waco, Tex.Civ.App., 1965, ref., n.r.e.), has no application to the facts of this case because in Gulfway the dangerous condition which was open and obvious was confronted by Mrs. Pursley in her effort to enter the hospital and not in an effort to depart from it as was appellant in the present case.

The appellant describes her situation as one of entrapment. She entered the store without knowledge of any dangerous condition. While in the store a dangerous situation arose which blocked her departure, i.e., the pine needles on the walkway. Although she fully understood and appreciated the risk involved she pushed her cart over the littered Christmas tree trail because she considered the parking area more dangerous.

In her brief the appellant states that "No cases have been found that fit 'four square' with the fact situation of the instant case where the doctrine of 'no duty' was considered."

The cases of Dunlap v. Executive Inn Motor Hotel Corporation, 404 S.W.2d 842 (Dallas, Tex.Civ.App., 1966, ref., n.r.e.), and Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357 (1950), together with some out-of-state authorities, are cited in support of the appellant's position. In our opinion such authorities have no application to the facts of this case.

In her testimony the appellant stated that it must have been double stamp day and the store was very crowded as was the parking area where cars were seeking a place to park. No explanation was given as to why she did not leave the store by the same means she entered it or as to why she did not summon her husband or some employee of the store for assistance at the time she observed the dangerous condition and before she pushed her cart over the pine needles and debris. This condition existed only in the area where she slipped and fell. Under her testimony this was the only area in which the condition which produced her injury existed.

The facts and circumstances involved in the present case do not impose a duty on the appellee under the "no duty" rule of the Halepeska case, supra. Since the danger was open and obvious and the risk was known and appreciated by the appellant recovery on her part is barred without regard to whether she encountered the open and obvious condition on her entry into the store or her departure from it.

All points of error are overruled and the judgment of the trial court is affirmed.