**MASSMAN–JOHNSON, a Joint Venture, et al., Petitioners,**

**v.**

**Edwin A. GUNDOLF, Respondent.**

**No. B–3109.**

Supreme Court of Texas.

July 26, 1972.

Rehearing Denied Oct. 4, 1972.

Strong, Pipkin, Nelson, Parker & Powers, Pike Powers, Jr., Beaumont, for petitioner.

Seale & Stover, Sid S. Stover, Jasper, for respondent.

PER CURIAM

## ON APPLICATION FOR WRIT OF ERROR

Plaintiff Edwin A. Gundolf sued Massman-Johnson for damages arising out of injuries sustained when he slipped on algae while inspecting the construction of a dam. The trial court rendered judgment on the verdict for defendant, but the court of civil appeals reversed the judgment and rendered judgment for Gundolf. 473 S.W.2d 70. We refuse Massman-Johnson's application for writ of error, because we find no reversible error.

The jury made findings that Gundolf fell on the algae, defendant had agreed to clean off the algae, Gundolf believed defendant had removed it, and defendant had undertaken to clean off the algae but failed to remove all of it, the last being negligence and a proximate cause of the accident. The jury refused to find that plaintiff voluntarily assumed the risk or failed to keep a proper lookout. Those findings should entitle Gundolf to a favorable judgment. The question before us is whether the findings on three other issues will defeat such right.

The trial court submitted an issue which placed the burden on Gundolf to prove that the condition was not open and obvious to him. The court then posed alternative answers, and the jury refused to find that it was not open and obvious, answering, "It was open and obvious." Defendant says in its petition for writ of error that the finding negated its duty toward plaintiff. Gundolf says that the issue was an immaterial one and that the finding means only that Gundolf failed to discharge its burden to prove the issue. See C. & R. Transport, Inc., v. Campbell, 406 S.W.2d 191, 194 (Tex.1966). The jury also answered, "We do" to the inquiries whether Gundolf "in the exercise of ordinary care should have known and appreciated the risk of walking in the area of the damsite where he fell," and whether "the failure of the plaintiff, Edwin Gundolf, to know and appreciate the risk . . . of walking in the area where he fell . . . was a proximate cause of his fall." Defendant says that those additional findings defeat Gundolf's right of recovery because they are findings that he was contributorily negligent.

We disagree with the statement in the majority opinion of the court of civil appeals that this is an ordinary negligence case and that, therefore, the duty rules applicable to an occupier-invitee relationship should be disregarded. We view, however, the jury's refusal to find that the condition was not open and obvious to Gundolf and the finding that he should have known and appreciated the danger as immaterial findings. An occupier owes a duty to protect an invitee from a danger which is latent, as was here proved. Coleman v. Hudson Gas and Oil Corporation, 455 S.W.2d 701 (Tex.1970). But, a defendant owes no duty to an invitee who actually knows and appreciates the nature and extent of a specific danger or who is charged in law with such knowledge. One is charged in law with that knowledge and appreciation if the condition is open and obvious to the invitee. The evidence in this case does not establish conclusively that the condition was open and obvious. It was probably for that reason the trial court submitted the issue to the jury. Whether a condition is or is not open and obvious to an invitee is not a question of fact. The phrase, "open and obvious," is often incorrectly used in such a manner as to suggest that it concerns a separate concept or issue. Its correct use means that there is no dispute in the evidence concerning the facts which charge him with knowledge and full appreciation of the nature and extent of the danger, and that those two facts are established as a matter

of law. See Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.1972); Wesson v. Gillespie, 382 S.W.2d 921 (Tex. 1964); Hausman Packing Co. v. Badwey, 147 S.W.2d 856 (Tex.Civ.App.1941, writ ref'd); Marshall v. San Jacinto Bldg., Inc., 67 S.W.2d 372 (Tex.Civ.App.1934, writ ref'd). It should not be submitted as a special issue.

The other findings upon which the defendant relies do not establish any act or omission which constitutes contributory negligence on the part of Gundolf. Defendant says that the form of the issues is suggested by some of the language used by this court in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963), and Scott v. Liebman, 404 S.W.2d 288 (Tex. 1966). In *Halepeska* we corrected some of our statements in McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954). In *McKee,* we had mingled the subjective test of knowledge and appreciation of a danger as to the duty and voluntary assumption of risk issues with the objective test used in the contributory negligence issues. We explained in *Halepeska* that, in dealing with the plaintiff's proof of an occupier's duty and the occupier's proof of its volenti defense, the test of the plaintiff's actual knowledge and appreciation of a dangerous condition is measured subjectively; i. e., by the plaintiff's actual, conscious knowledge. We explained further that when dealing with contributory negligence, a plaintiff's knowledge and appreciation of the condition is tested objectively; i. e., whether he should have known and should have appreciated the danger.

Similarly, our discussion in Scott v. Liebman, *supra,* was in the context of our explanation and rationalization of the differences in legal concepts. We again explained that a plaintiff who possesses actual knowledge and appreciation of a danger is one to whom a defendant owes no duty or is one who may have voluntarily assumed the risk. That case was one in which voluntary assumption of risk had been pleaded. We contrasted that requirement for actual knowledge in those instances with the objective test, "should have known," which is used in the case of contributory negligence. Contributory negligence was not pleaded in *Scott,* and it was in this explanatory context that we wrote that perhaps Liebman "should have known," and "should have seen," and "should have ascertained," the glass door through which he walked.

■■■ In *McKee, Halepeska,* and *Scott, supra,* the court was not addressing itself to the form in which specific issues should be submitted. The submission of contributory negligence issues in occupier-invitee cases is subject to the usual rules applicable to negligence law. There must be proof and a finding of some specific act or failure to act which proximately causes an injury. The jury in this case refused to find that Gundolf failed to keep a proper lookout on the occasion in question. We regard that issue as illustrative of an appropriate issue. Findings that Gundolf should have known and should have appreciated a danger followed by a finding on proximate cause are immaterial findings. The mere failure to know and to appreciate a condition falls short of the requirement that negligence consists in some act or failure to act. The mental state, "should have known," or "should have appreciated," cannot be a proximate cause of an injury.

We refuse the application for writ of error since we find no reversible error.