Maude MARSHALL, Appellant,

v.

BUDDIES SUPER MARKETS, INC., Appellee.

No. 17513.

Court of Civil Appeals of Texas, Fort Worth.

June 14, 1974.

Rehearing Denied July 12, 1974.

Parnass, Cline & Hill and Jack W. Frieze and Dennis R. Croman, Irving, for appellant.

Street, Swift, Brockermeyer & Bell and John G. Street, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by the plaintiff, Maude Marshall, from a take nothing judgment that was rendered against her, non obstante veredicto, by the trial court. The defendant is Buddies Super Markets, Inc.

The plaintiff sued here to recover damages for personal injuries that she alleged-ly sustained when she tripped and fell over an empty wooden platform that was lying in the middle of a sidewalk located outside of defendant's grocery store building, but on defendant's premises that were used in connection with the operation of defendant's grocery store at Grapevine, Texas.

The jury in its verdict found: (1) that defendant created a dangerous condition by maintaining on its sidewalk north of defendant's building an empty platform detached from the building; (2) that defendant knew or by the exercise of ordinary care should have known of the dangerous condition on that occasion; (3) that plaintiff fell over the platform; (4) that defendant's failure to remove the platform was negligence and a proximate cause of plaintiff's fall; (5) that defendant's failure to warn plaintiff of the existence of the platform on the sidewalk was negligence and a proximate cause of plaintiff's fall; (6) that plaintiff sustained $15,765.00 damages by reason of the injuries she got in the fall; (7) that plaintiff did not fail to keep a proper lookout on the occasion; and (8) the jury answered "We do not" to an issue inquiring whether it found from a preponderance of the evidence that plaintiff assumed the risk of walking on the sidewalk on the occasion in question.

We affirm the trial court's judgment.

The following facts were undisputed: The plaintiff had been a customer in defendant's store on other occasions and was a customer when she fell; the store building faced west; plaintiff had parked her car on defendant's parking lot near the northeast corner of the store building, got out and walked west behind her car and behind two other cars that were parked beside her car, then turned to her left and got on the sidewalk that runs along the north side of the store building and proceeded west on it to the northwest corner of the building and there turned left and walked south to the store entrance that was located on the west side of the building; while inside the store she purchased

groceries from defendant consisting of two loaves of bread, one dozen eggs, lunch meat, and four No. 3 cans of canned goods; these groceries were placed in two sacks and plaintiff carried them in her arms out of the store and headed back to her car; when plaintiff turned the corner and headed east on the sidewalk along the north side of the store building, while en route back to her car, she was not paying any attention to the platform over which she fell and did not see it and walked 15 or 20 feet east and there tripped on the platform and fell across it; when she fell it was daytime, the sun was shining, it was 4:30 P.M. on December 31, 1970, and visibility was good; the platform was, when she fell on it, lying in plain view in the middle of the sidewalk; on prior trips to the store she had seen platforms in this area leaning against the wall of the building; this platform was used to stack sacks of fertilizer on; it was pretty big, her estimate being 2½ feet wide and 2 inches high; as she came along the sidewalk going into the store she did not pay any attention to the platforms as they had always been in the area; when she fell she was looking straight ahead; she had never seen these platforms on the sidewalk before; there was a canopy over the sidewalk that was held up by steel poles and she was walking between the poles and on the sidewalk when she tripped over the platform that was lying in the middle of the sidewalk; she had a sack of groceries in each arm and there was nothing in front of her to block her view at the time she fell. Defendant's store manager testified that the platform was 3½ feet wide by 6 feet long.

The gist of the contentions urged by plaintiff in her first five points of error is that the trial court erred in rendering judgment notwithstanding the verdict for defendant and in overruling her motion for judgment on the verdict.

We overrule those five points.

The court's action in rendering judgment non obstante veredicto for defendant was proper in this case if defendant was entitled to an instructed verdict at the close of the evidence. Rule 301, Texas Rules of Civil Procedure.

We hold that the defendant was entitled to an instructed verdict in this case at the close of all the evidence and therefore to a judgment non obstante veredicto because plaintiff failed to offer evidence to show prima facie the existence of two essential elements of her cause of action.

*Re: Essential Element No. 1*

The no duty doctrine is applicable to the facts of this case. That doctrine is fully discussed and explained in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup., 1963); Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex. Sup., 1972); and in Massman-Johnson v. Gundolf, 484 S.W.2d 555 (Tex.Sup., 1972).

The following is from the opinion in the Massman-Johnson v. Gundolf case, supra, at page 556: "But, a defendant owes no duty to an invitee who actually knows and appreciates the nature and extent of a specific danger *or who is charged in law with such knowledge. One is charged in law with that knowledge and appreciation if the condition is open and obvious to the invitee."* (Emphasis ours.)

It was not proven here as a matter of law that plaintiff had actual knowledge of the presence of the platform on the sidewalk. There was evidence that she actually did not know of its presence.

However, the undisputed evidence in this case showed that this platform over which plaintiff fell was a large object, being several inches tall, about 6 feet long, and from 2 to 3½ feet wide; and that it was lying in the open, in the middle of the sidewalk on which plaintiff was walking; that the plaintiff stumbled over the platform and fell in broad daylight when visibility was clear and at a time when there

was nothing present to obstruct her view of this object and that she just did not pay any attention to the platform as she walked along.

In order to show the existence and violation of a legal duty owed to her by the defendant in a case such as this the burden was on plaintiff to show not only that she did not actually know of and appreciate the danger, but also that the danger she is complaining of was not so open and obvious as to charge her, as a matter of law, with knowledge and appreciation of the danger of falling over the platform and getting hurt. See Adam Dante Corporation v. Sharpe, supra, at page 455. This was an essential element of the plaintiff's cause of action.

We hold that under the undisputed evidence in this case the presence of the platform over which plaintiff stumbled and fell was so open and obvious as to charge plaintiff, as a matter of law, with knowledge and appreciation of the danger. In addition to the three cases above cited the following cases support our holding: Medallion Stores, Inc. v. Eidt, 405 S.W.2d 417 (Texarkana, Tex.Civ.App., 1966, ref. n. r. e.) and Sims v. Buddies Super Markets, Inc., 460 S.W.2d 457 (Fort Worth, Tex. Civ.App., 1970, ref., n. r. e.).

Because plaintiff failed to sustain her burden of proof on the essential element of her cause of action referred to, the defendant was entitled to an instructed verdict at the close of the evidence. Since defendant was entitled to an instructed verdict, it was proper for the trial court to render judgment non obstante veredicto in defendant's favor. Rule 301, T.R.C.P.

### Re: Second Essential Element

It is established law that proof that an invitee was injured on defendant's premises as a result of a dangerous condition does not alone establish the breach of a duty owed by the occupier to the business invitee.

The law is that in order to establish negligence on the part of the occupier of premises in such a case, the invitee must prove one of the following: (1) that the defendant put the dangerous condition on the premises; or (2) that the defendant knew the dangerous condition was present and willfully or negligently failed to remove it; or, (3) that the dangerous condition had been on defendant's premises for such a period of time that it would have been discovered and removed by defendant, had defendant exercised ordinary care.

It is an essential element of a cause of action such as the one involved here that the plaintiff prove one of the three things just referred to in the last paragraph. See Foodway, Inc. v. Lopez, 480 S.W.2d 227 (El Paso, Tex.Civ.App., 1972, no writ hist.); Kroger Company v. Benavides, 486 S. W.2d 877 (Corpus Christi, Tex.Civ.App., 1972, no writ hist.); Furr's Super Market, Inc. v. Jernigan, 380 S.W.2d 193 (Amarillo, Tex.Civ.App., 1964, no writ hist.); J. Weingarten, Inc. v. Tyra, 381 S.W.2d 215 (Tyler, Tex.Civ.App., 1964, no writ hist.); and J. Weingarten, Inc. v. Bradshaw, 438 S.W.2d 435 (Houston, Tex.Civ.App., 1st Dist., 1969, writ ref., n. r. e.). If such proof is not made then the plaintiff has not proved up a case against defendant.

In response to special issues submitted to the jury, the jury found in this case that: (1) defendant created a dangerous condition by maintaining on the sidewalk an empty platform; (2) defendant knew or in the exercise of ordinary care should have known of the dangerous condition; (3) plaintiff fell over this platform on defendant's sidewalk; (4) defendant's failure to remove the platform from the sidewalk was negligence; and (5) that negligence was a proximate cause of plaintiff's fall.

■ We have concluded that there is no evidence to support the jury's answers to those issues.

■ The fact that the dangerous condition was on defendant's premises at the time plaintiff fell is not sufficient to warrant an inference that the storekeeper had placed the platform on the sidewalk, or that defendant or its employees knew of its presence on the sidewalk, or that it had been there a sufficient length of time that the storekeeper should have, by the exercise of ordinary care, discovered and removed the platform from the sidewalk. See Foodway, Inc. v. Lopez, supra, and Dill v. Holt's Sporting Goods Store, 323 S.W.2d 644 (Houston, Tex.Civ.App., 1959, no writ hist.).

In this case there was no evidence of probative force offered to show that defendant or its employees knew of the presence of the platform on the sidewalk in question, prior to plaintiff's fall. There was no evidence tending to show that defendant or its employees had placed the wooden platform on the sidewalk in question, and there was no evidence at all offered tending to show that the platform had been upon the sidewalk in question for such a period of time that it would have been discovered and removed by defendant had defendant exercised ordinary care. The evidence did not show how long the platform had been on the sidewalk on the occasion in question. It only showed that it was there at the time of plaintiff's fall.

Plaintiff's own testimony was to the effect that not long before she fell on the sidewalk in question that she had travelled this same route down the middle of that sidewalk on going from her car into the store for her groceries and that she did not notice an empty platform being on the sidewalk at that time. But after getting her small order of groceries and going the same route back to her car, a short time later, she then tripped on this platform which was at this time in the middle of that sidewalk.

Because the record contained no evidence of probative force tending to establish the essential element of plaintiff's cause of action that is now being discussed is another reason why defendant was entitled to an instructed verdict in its favor at the close of all the evidence. Because defendant was entitled to an instructed verdict on this ground, he was also entitled to a judgment notwithstanding the verdict for the same reasons.

■ In this case the trial court's action in disregarding the jury's answers to Issues Nos. 1, 2, 4 and 5 in rendering judgment was proper because such findings had no support in the evidence. See Braselton Construction Co. v. Anslinger, Inc., 503 S.W.2d 368 (Corpus Christi, Tex.Civ.App., 1973, no writ hist.).

In plaintiff's points of error Nos. 6, 7, 9 and 10 she contends that there was evidence to support the jury's answers to Issues Nos. 1, 2, 4 and 5. We have heretofore held to the contrary and therefore overrule these points.

In her remaining points of error plaintiff contends that there was evidence to support the rest of the jury's answers to issues contained in the court's charge. We overrule all of these points. The outcome of the case is determined by the holding we have made with reference to plaintiff's first five points of error. Her remaining points of error are immaterial in view of our disposition of her first five points.

The judgment is affirmed.