DANNER, APPELLANT,* v. MEDICAL CENTER HOSPITAL, APPELLEE.

[Cite as Danner v. Medical Center Hospital (1983), 8 Ohio St. 3d 19.]

(No. 83-2—Decided November 30, 1983.)

*Clayman & Jaffy Co., L.P.A., Mr. Stewart R. Jaffy* and *Mr. Walter Kaufmann,* for appellant.

*Messrs. Fosson & Mann* and *Mr. John L. Fosson,* for appellee.

*Per Curiam.* The issue presented in this case is whether the grant of summary judgment on the basis that plaintiff-appellant, Danner, assumed the risk of her injury was proper. The court of appeals determined that the elements of assumption of the risk were present in this case, see *Benjamin* v. *Deffet Rentals* (1981), 66 Ohio St. 2d 86 [20 O.O.3d 71] and *Briere* v. *Lathrop Co.* (1970), 22 Ohio St. 2d 166 [51 O.O.2d 232], and that Danner assumed the risk when she voluntarily stepped off the rubber mats onto the floor knowing the floor was wet. Since at the time of that court's decision assumption of the risk operated as a complete bar, the court of appeals expressly declined to consider the question of whether the hospital owed a duty to Danner.

The court of appeals' decision was rendered prior to the announcement of *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110. In *Anderson,* this court did

---

* Bertha V. Danner died shortly before the disposition of this case in the trial court.

away with implied assumption of the risk as a complete bar. "The defense of assumption of risk is merged with the defense of contributory negligence under R.C. 2315.19." *Id.,* at paragraph one of the syllabus. Thus, the court of appeals' disposition of the present case is not in accord with Ohio law as it currently exists with regard to assumption of the risk.

Notwithstanding this change, Medical Center Hospital asserts that the judgment in this case can and should be affirmed solely on the basis that the hospital owed no duty in these circumstances. However, to accept the hospital's invitation to rule on this issue would be decidedly unfair to Danner. Because of the court of appeals' disposition of the question, Danner was placed in the position of having to appeal an issue to this court without benefit of a ruling or reasons. Such circumstances force her to speculate as to what obstacles, legal or other, need to be overcome in an appeal to this court.

App. R. 12(A) provides that: "* * * All errors assigned and briefed [in the court of appeals] shall be passed upon by the court in writing, stating the reasons for the court's decision as to each such error." The court of appeals clearly failed to comply with this rule. This court has previously reversed and remanded cases on the basis of failure to comply with App. R. 12(A). *State* v. *Jennings* (1982), 69 Ohio St. 2d 389 [23 O.O.3d 354]; *Lumbermen's Alliance* v. *American Excelsior Corp.* (1973), 33 Ohio St. 2d 37 [62 O.O.2d 373]. For these reasons, this court declines to resolve the question of duty at this time.

Therefore, the judgment of the court of appeals is reversed and the cause is remanded to that court for consideration of the assumption of the risk issue in light of *Anderson, supra,* and with the express direction that all errors assigned and briefed be passed upon in writing, stating the reasons for the court's decision.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

LOCHER, J., concurs in judgment only.

HOLMES, J., dissents.

HOLMES, J., dissenting. I dissent upon two bases. The first is that, in my view, the affirmative defense of assumption of the risk should not have been determined to be merged with the defense of contributory negligence under R.C. 2315.19. I so stated in my dissent in *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110, at 116.

Second, I dissent in that even though the defense of assumption of the risk is not available to the defendant hospital, the long established case law of Ohio would mandate no duty on this defendant other than one of reasonable care to invitees generally. Unless this court is to plough yet further new fields of negligence law and establish a new principle that the duty of care

owed by hospitals is of a higher standard than is owed to the public by other business establishments in these types of cases, the law pertaining to business premises generally should prevail.

The long standing law of Ohio in these slip and fall cases was pronounced in *S. S. Kresge Co.* v. *Fader* (1927), 116 Ohio St. 718, wherein the second paragraph of the syllabus sets forth:

"The fact that during a rain-storm some water has blown into the front of a store on account of the opening of the door to admit customers, and the incoming shoppers during such rain-storm carry in moisture on their clothing and feet and umbrellas, and thereby and only thereby cause the floor inside the door and near thereto to become damp and more slippery than is the dry floor in other parts of the store, will not give rise to a cause of action against the owner or lessee of the store in favor of a later incoming patron who slips or falls on such damp floor and is injured by such fall."

See, also, *Rayburn* v. *J. C. Penney Outlet Store* (1982), 3 Ohio App. 3d 463, 465-466.

It seems that in these matters the Ohio courts have applied the same principle to hospitals as has been applied to other business premises. *Bonawitt* v. *Sisters of Charity* (1932), 43 Ohio App. 347, and *Kinkey* v. *Jewish Hospital Assn.* (1968), 16 Ohio App. 2d 93 [45 O.O.2d 267]. The latter case recognized that a hospital owed no duty to a visitor using its parking lot to remove accumulations of snow therefrom. In explaining the absence of any duty owed by a hospital under such circumstances, the court at page 95 cited as authority *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45 [42 O.O.2d 96], where it expressly held in the first paragraph of the syllabus that:

"An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them."

In other jurisdictions the same rationale has led to similar findings of no liability in this category of slip and fall cases related to hospitals. In *Gulfway General Hospital, Inc.* v. *Pursley* (Tex. Civ. App. 1965), 397 S.W. 2d 93, 94, the plaintiff argued that an extraordinary, or "very high" standard of care should be imposed in the maintenance of a hospital emergency entrance.

See, also, *Mattson* v. *St. Luke's Hospital of St. Paul* (1958), 252 Minn. 230, 89 N.W. 2d 743.

I perceive no abrupt or compelling change in our societal patterns which would dictate a new legal philosophy to be propounded by this court to the effect that commercial establishments, including hospitals, should maintain a staff of moppers at entrance ways during periods of rain and snow. I am not drawn to a conclusion that there is something harsh, unjust, or inherently wrong with a rule which essentially states that the risk of harm or injury from slipping and falling in the immediate area of the entrance to a commercial establishment, including a hospital, must be borne by the injured person where the fall is caused by moisture blown in or tracked in during a storm.

Accordingly, I would affirm the judgment of the court of appeals.