CRISS ET AL., APPELLANTS, *v.* SPRINGFIELD TOWNSHIP; SPRINGFIELD TOWNSHIP POLICE DEPARTMENT ET AL., APPELLEES.

[Cite as Criss *v.* Springfield Twp. (1989), 43 Ohio St. 3d 83.]

(No. 88-1236—Submitted March 14, 1989—Decided May 17, 1989.)

*Grisi & Riegler* and *Charles E. Grisi,* for appellants.

*Nukes & Perantinides Co., L.P.A., Paul G. Perantinides, Samuel G. Casolari, Jr.,* and *Elizabeth B. Manning,* for appellees Springfield Township Police Department, Carl F. Blasdel, and Daniel Lance.

*John O. McIntyre, Jr.,* and *Linda Tucci Teodosio,* for appellee Myra Criss.

*Per Curiam.* App. R. 12(A) states in part:

"* * * All errors assigned and

briefed shall be passed upon by the court in writing, stating the reasons for the court's decision as to each such error."

This court has repeatedly reversed and remanded judgments that failed to comply with this part of the rule. See *Lumbermen's Underwriting Alliance* v. *American Excelsior Corp.* (1973), 33 Ohio St. 2d 37, 62 O.O. 2d 373, 294 N.E. 2d 224; *State* v. *Jennings* (1982), 69 Ohio St. 2d 389, 23 O.O. 3d 354, 433 N.E. 2d 157; *Dougherty* v. *Torrence* (1982), 2 Ohio St. 3d 69, 2 OBR 625, 442 N.E. 2d 1295; *Danner* v. *Medical Center Hospital* (1983), 8 Ohio St. 3d 19, 8 OBR 167, 456 N.E. 2d 503.

In *Jennings,* the Court of Appeals for Licking County sustained one assignment of error and because of this failed to address three others, calling them "irrelevant." We reversed, holding that the court had to comply with the rule and state reasons for its decision so that the parties would not have to speculate on the legal and other obstacles to be overcome on appeal to this court. Here, the court of appeals has used "moot" in the same sense that the Court of Appeals for Licking County used "irrelevant" — meaning the finding of one error removes the need to decide whether there are others. However, this is not what the rule requires. Moreover, in *State* v. *1981 Dodge Ram Van* (1988), 36 Ohio St. 3d 168, 171, 522 N.E. 2d 524, 527, we held specifically that it was error to treat assignments of error as moot after having decided a case on another issue.

Since the decision of the court of appeals is clearly opposed to our rulings in *Jennings* and *1981 Dodge Ram Van,* we reverse its judgment and remand the cause to that court for compliance with the requirements of App. R. 12(A).

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.