### Beachwood v. Rhodes
*[Cite as 7 AOA 266]*

Case No. 57584
Cuyahoga County, (8th)
Decided October 4, 1990

*Andrea Rubin, Assistant Law Director, City of Beachwood, 23200 Chagrin Boulevard, Suite 950, Beachwood, Ohio 44122, for Plaintiffs-Appellees.*

*Margaret Johnson, 505 National City Bank Bldg., Cleveland, Ohio 44114, for Defendant-Appellant.*

MATIA, P.J.

Defendant-appellant, George H. Rhodes, appeals from his conviction for the misdemeanor of making threatening or harassing telephone calls.

### I. THE FACTS
### A. APPELLANT'S COMMISSION OF A MISDEMEANOR

On September 2, 1988, the appellant was served with a summons which alleged a violation of Beachwood Codified Ordinances Section 636.15(C). The summons alleged that the appellant had made sixty threatening and harassing telephone calls to Ken Hylan.

### B. APPELLANT'S INITIAL APPEARANCE BEFORE THE SHAKER HEIGHTS MUNICIPAL COURT

On September 21, 1988, the appellant appeared in the Shaker Heights Municipal Court whereupon a plea of not guilty was entered to the charged offense of making threatening or harassing telephone calls. During this initial appearance, the appellant also executed a waiver of speedy trial, requested a jury trial, and also requested the appointment of legal counsel on the basis of the appellant's indigency. The trial court, upon a limited examination of the appellant, determined that the appellant was not indigent and refused to appoint legal counsel to represent the appellant. The appellant did not obtain legal counsel and proceeded to trial *pro se*.

### C. THE JURY TRIAL AND CONVICTION

On March 9, 1989, a jury trial was commenced with regard to the offense of making threatening or harassing telephone calls. At the conclusion of the trial, the jury returned a verdict of guilty.

### D. THE TRIAL COURT'S SENTENCE

Immediately upon discharge of the jury, the trial court sentenced the appellant to incarceration far a period of six months and imposed a

fine of $1,000 plus court costs. The trial court further suspended the term of incarceration upon the condition that the appellant refrain from threatening or harassing Leora Rhodes and Ken Hylan by telephone, letter, and personal contact.

### E. THE APPELLANT'S TIMELY APPEAL

Thereafter, the appellant timely brought the instant appeal from the conviction for making threatening or harassing telephone calls and the sentence of the trial court. It should also be noted that pursuant to the granting of the municipality-appellee's motion to strike, the appellant's third, fourth and fifth assignments of error dealing with proceedings which occurred subsequent to the appellant's conviction and notice of appeal, were ordered stricken from the record and thus will not be examined by this court.

### II. THE FIRST ASSIGNMENT OP ERROR

The appellant's first assignment of error is that:

"THE TRIAL COURT COMMITTED PREJU-DICIAL AND REVERSIBLE ERROR WHEN IT REFUSED TO APPOINT COUNSEL FOR THE APPELLANT IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION."

### A. ISSUE RAISED: TRIAL COURT ERRED BY FAILING TO APPOINT LEGAL COUNSEL TO REPRESENT THE APPELLANT

The appellant, in his first assignment of error, argues that the trial court erred by failing to appoint legal counsel for the benefit of the appellant. Specifically, the appellant argues that he was indigent which required the trial court to appoint legal counsel to represent the appellant during all legal proceedings.

This assignment of error is well taken.

### B. CONSTITUTIONAL GUARANTEE OF RIGHT TO COUNSEL

The Sixth Amendment to the United States Constitution provides that an individual who is accused of a criminal violation possesses the right to assistance of legal counsel. This constitutional guarantee of assistance of counsel has been extended to criminal prosecutions which involve a misdemeanor offense. *Gideon v. Wainwright* (1962), 372 U.S. 335; *Argersinger v. Hamlin* (1972), 407 U.S. 25.

### C. TRIAL COURT'S DUTY TO FULLY IN-QUIRE INTO INDIGENCY OF DEFENDANT

In addition, the Supreme Court of Ohio, in *State v. Tymcio* (1975), 42 Ohio St. 2d 39, estab-lished that the trial court possesses the duty in a criminal matter to fully inquire into the indigency of a defendant and the resulting inability to obtain legal counsel.

"It is the duty of the trial court in a criminal case to inquire fully into the circumstances impinging upon an accused's claimed inability to obtain counsel and his consequent need for assistance in employing counsel, or for the assistance of court-appointed counsel." *State v. Tymcio*, supra, paragraph three of the syllabus.

### D. TRIAL COURT FAILED TO FULLY IN-QUIRE INTO APPELLANT'S INDIGENCY

Herein, the appellant was accused of committing a misdemeanor and did vociferously request the appointment of legal counsel on the basis of indigency. A review of the record, however, fails to disclose that the trial court fully inquired into the alleged indigency of the appellant and the inability to retain legal counsel. The trial court merely inquired of the appellant whether he was employed and possessed any material assets. This limited inquiry on the part of the trial court was insufficient to properly determine whether the appellant was truly indigent and thus entitled to the appointment of legal counsel.

### E. APPELLANT PREJUDICED BY TRIAL COURT'S FAILURE TO FULLY INQUIRE INTO INDIGENCY

Therefore, the trial court did commit prejudicial and reversible error through its failure to properly inquire into the indigency of the appellant and the need for the appointment of legal counsel. The appellant's conviction must be overturned and the matter remanded to the trial court, first for a full determination of the appellant's indigency and the retrial of the charged offense of making threatening or harassing telephone calls in violation of Beachwood Codified Ordinances Section 636.15(C).

The appellant's first assignment of error is well taken.

### III.THE SECOND ASSIGNMENT OF ERROR

The appellant's second assignment of error is that:

"THE TRIAL COURT COMMITTED PREJU-DICIAL AND REVERSIBLE ERROR WHEN IT PROCEEDED TO TRY THE APPELLANT WITHOUT COUNSEL OR A WAIVER OF COUNSEL."

## A. ISSUE RAISED: ERROR TO ALLOW APPELLANT TO PROCEED TO TRIAL WITHOUT LEGAL REPRESENTATION

The appellant, in his second assignment of error, argues that the trial court erred by allowing the appellant to proceed to trial without the benefit of appointed legal counsel or a waiver of counsel. Specifically, the appellant argues that the failure of the trial court to appoint legal counsel and/or the failure of the appellant to openly waive his right to counsel constituted reversible error.

This assignment of error is well taken.

## B. TRIAL COURT ERRED IN REQUIRING APPELLANT TO PROCEED TO TRIAL WITHOUT LEGAL REPRESENTATION

As dealt with in the appellant's initial assignment of error, the trial court failed, to fully and properly inquire into the indigency of the appellant and the inability to retain legal counsel. In addition, a review of the record demonstrates that the appellant did not voluntarily waive his right to legal counsel as guaranteed by the Sixth Amendment to the United States Constitution. In fact, the record demonstrates that the trial court, over the objection of the appellant, forced the appellant to proceed to trial absent representation by legal counsel. Cf. *Garfield Heights v. Brewer* (1984), 17 Ohio App. 3d 216; *Cuyahoga Falls v. Simich* (1982), 5 Ohio App. 3d 10.

Thus, the trial court erred in requiring that the appellant proceed to trial without the benefit of legal representation.

The appellant's second assignment of error is well taken.

## IV. THE THIRD ASSIGNMENT OF ERROR

The appellant's third assignment of error is that:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED THE APPELLANT TO SIX MONTHS IN JAIL."

## A. ISSUE RAISED: TRIAL COURT WAS PROHIBITED FROM SENTENCING THE APPELLANT TO INCARCERATION

The appellant in his third assignment of error argues that the trial court erred in sentencing the appellant to six months in jail. Specifically, the appellant argues that the failure of the trial court to appoint legal counsel prohibited the imposition of a sentence of incarceration.

This assignment of error is well taken.

## B. CRIM. R. 44(B) AND 44(C) AND INABILITY OF TRIAL COURT TO IMPOSE SENTENCE OF INCARCERATION UPON DEFENDANT NOT REPRESENTED BY COUNSEL

As mandated by Crim. R. 44(B), a trial court may not sentence a defendant, who was unrepresented by legal counsel during trial to incarceration unless the defendant has waived his right to counsel in court pursuant to Crim. R. 44(C).

Crim. R. 44(B) provides that:

"(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel."

Crim. R. 44(C) further provides:

"(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

Waiver of counsel pursuant to Crim. R. 44(C) requires a voluntary, knowing and intelligent decision on the part of the defendant. *State v. Grimes* (1984), 17 Ohio App. 3d 71; *State v. Kleve* (1981), 2 Ohio App. 3d 407.

## C. TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A TERM OF INCARCERATION

Prior to the commencement of trial, the appellant once again requested the appointment of legal counsel. The trial court, as on previous occasions, denied the appellant's request for legal counsel and effectively ordered that the appellant proceed to trial without the benefit of, legal counsel. No where in the record can it be found that the appellant properly waived his right to legal counsel through a *voluntary*, knowing and intelligent waiver of counsel. The trial court, pursuant to Crim. R. 44(B), was thus prevented from imposing a sentence of six months of incarceration upon the appellant. *State v. Haag* (1976), 49 Ohio App. 2d 268.

Therefore, the trial court did err in sentencing the appellant to a term of incarceration and the appellant's third assignment of error is well taken.

## V. THE SIXTH ASSIGNMENT OF ERROR

The appellant's sixth assignment of error is that:

"THE TRIAL COURT COMMITTED PREJU-DICIAL AND REVERSIBLE ERROR BY EN-TERING A JUDGMENT ON EVIDENCE IN-SUFFICIENT AS A MATTER OF LAW, THEREBY DENYING HIM HIS DUE PROCESS RIGHTS GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I § 16 OF THE OHIO CONSTITUTION."

### A. ISSUE: THE APPELLANT'S CONVIC-TION WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE

The appellant, in his sixth assignment of error, argues that his conviction for making harassing telephone calls was not supported by sufficient evidence. Specifically, the appellant argues that sufficient evidence was not adduced at trial to support each and every element of the offense of making threatening or harassing telephone calls.

### B. APP. R. 12(A) REQUIRES A REVIEW OF ALL PROPERLY RAISED ASSIGNMENTS OF ERROR

Pursuant to the application of App. R. 12(A) and the holding of the Supreme Court of Ohio in *Criss v. Springfield Twp.* (1989), 43 Ohio St. 3d 83, this court may not treat an assignment of error as "moot" or "irrelevant" after deciding the appeal on another issue.

Herein, a review of the appellant's first, second and third assignments of error has resulted in the finding that the appellant was prejudiced by the trial court's failure to proper-ly determine indigency and the need for the ap-pointment of legal counsel. Thus, in effect the appellant's sixth assignment of error is "moot" or "irrelevant." This court, however, must review the appellant's sixth assignment of error which deals with sufficiency of the evidence. In order to properly evaluate the sixth assignment of error, it will be necessary to presume that the appellant's initial three assignments of error were not well-taken and that the appel-lant was not prejudiced by the failure of the trial court to properly determine indigency.

### C. STANDARD OF REVIEW FOR CLAIM OF INSUFFICIENT EVIDENCE

A review of a claim of insufficient evidence involves the determination of whether the prosecution provided sufficient substantial evidence beyond a reasonable doubt as to all of the elements of the charged offense. *Jackson v. Virginia* (1978), 443 U.S. 307; *State v. Eley* (1978), 56 Ohio St. 2d 169; *State v. Martin* (1983), 20 Ohio App. 3d 172.

### D. ELEMENTS OF OFFENSE OF MAKING THREATENING OR HARASSING TELEPHONE CALLS

Beachwood Codified Ordinances Section 636.15(C), which deals with the misdemeanor of making threatening or harassing telephone calls, provides that:

"No person shall make or cause to be made a telephone call, or permit a telephone call to be made from a telephone under his or her control, with purpose to abuse, threaten, annoy or harass another person."

### E. SUFFICIENT EVIDENCE ADDUCED AT TRIAL TO SUPPORT APPELLANT'S CONVICTION

A review of the record herein demonstrates that the prosecution presented sufficient evi-dence beyond a reasonable doubt with regard to each and every element of making threatening or harassing telephone calls. The evidence adduced at trial showed beyond a reasonable doubt that the appellant used his own telephone to abuse, threaten, annoy or harass Ken Hylan. Sufficient evidence was adduced at trial to support the appellant's conviction.

Thus, the appellant's sixth assignment of error is not well taken.

The appellant's conviction for the offense of making threatening or harassing telephone calls, in violation of Beachwood Codified Ordi-nances Section 636.15(C) is reversed. The matter is further remanded to the trial court for a complete and full determination of the appellant's alleged state of indigency and a new trial.

Affirmed in part, reversed in part, and re-manded for a new trial.

This cause is affirmed in part, reversed in part, and remanded for a new trial consistent with the opinion herein.

*Exceptions.*

SWEENEY, J., and MCCRYSTAL, J., (Retired Judge of the Erie County Common Pleas Court, sitting by assignment), concur.