DOE ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* CUDDY, DIR., OHIO DEPARTMENT OF PUBLIC WELFARE, ET AL., APPELLANTS AND CROSS-APPELLEES.

(No. C-840128—Decided January 16, 1985.)

*Barbara Cook* and *Legal Aid Society of Cincinnati,* for appellees and cross-appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *George Stricker, Jr.,* for appellant and cross-appellee John C. Cuddy, Director of the Ohio Department of Public Welfare.

*James Harper,* for appellants and cross-appellees Seth Stapes et al.

*Per Curiam.* These causes came on to be heard upon an appeal and a cross-appeal from the Court of Common Pleas of Hamilton County.

On January 27, 1984, a judge of the court of common pleas awarded attorney fees to the Legal Aid Society of Cincinnati as a result of its successful efforts on behalf of a class of plaintiffs to set aside a regulation that had prohibited residents of group homes licensed by the Ohio Department of Mental Health from receiving welfare benefits under a state-funded general relief program. The order, which called for the defendants to pay fees in the amount of $15,216, possessed significance in at least two respects. After adopting the hours and rates submitted by the Legal Aid Society as the appropriate measures for the basic award of fees, the court specifically rejected the society's additional request for an enhancement of the award by an upward adjustment of ten percent, the justification for which was said to derive from the prevailing party's exceptional success on the merits in complex litigation.

The duality of the trial court's treatment of the society's entitlement to a fee award lies at the heart of the two appeals now before us in the case *sub judice.* In the first appeal, the Director of the Ohio Department of Public Welfare questions whether the particular disposition of the merits of the case under state law in the court below provided the necessary predicate for an application of Section 1988, Title 42, U.S. Code, the statute allowing for a discretionary award of fees to the prevailing party in any action brought to enforce federal constitutional rights under Section 1983, Title 42, U.S. Code. The focus of the cross-appeal is, on the other hand, the trial court's refusal to enhance the basic award of fees, a decision that was, we are told, the product of a misapprehension concerning whether such a benefit could be claimed when the services rendered on behalf of the prevailing party were those of a legal aid society.

According to the record, the proceedings in the court below came about when a federal judge frustrated an initial attempt on behalf of the residents of the group homes to obtain relief in district court by refusing to rule on the merits of several federal constitutional claims that were predicated upon the welfare department's denial of benefits under the general relief program. Concluding that there was an unsettled question of state law that might well be dispositive of the controversy between the parties, the judge invoked the abstention doctrine under *Railroad Comm. of Texas* v. *Pullman Co.* (1941), 312 U.S. 496, and ordered that the federal proceedings be stayed pending a ruling on the state question in state court. *Hayes* v. *Ohio Dept. of Public Welfare* (S.D. Ohio 1982), 556 F. Supp. 58.

The particular state question that triggered the application of the abstention doctrine in federal court was

whether the administrative regulation upon which the denial of benefits had been predicated, former Ohio Adm. Code 5101:1-5-04,[1] was in contravention of the Ohio statute that established basic eligibility standards for general relief, R.C. 5113.01. On November 16, 1982, it became the focal point for the first of two claims set forth in a complaint seeking declaratory and injunctive relief in the court of common pleas. The second claim advanced by the Legal Aid Society on behalf of the plaintiffs raised one of the same questions that the district judge had declined to address on the merits in the federal action. Sharing a common core of factual allegations with the first, it asserted that the denial of welfare benefits constituted a deprivation of federal equal protection rights under Section 1983, Title 42, U.S. Code.

After the complaint was filed, the judge to whom the case was assigned consolidated a hearing of various motions, including the plaintiffs' request for a preliminary injunction, with the trial of all substantive issues on the merits. On the strength of the evidence adduced at trial, he certified a class of plaintiffs under Civ. R. 23(A) composed of "all persons residing in homes licensed by the Ohio Department of Mental Health," and by order of July 21, 1983, permanently enjoined the named defendants in the action from denying benefits to the members of the class solely because of the nature of their living arrangements. The issuance of the injunction was predicated directly and exclusively upon a determination under state law that Ohio Adm. Code 5101:1-5-04 was void due to an irreconcilable conflict with R.C. 5113.01,

5113.02 and 5113.03. The final judgment entry incorporating the judge's findings and conclusions did not otherwise purport in any manner to offer a ruling on the merits of the federal claim that had been separately raised on behalf of the plaintiffs pursuant to Section 1983, Title 42, U.S. Code.

Approximately three months after the plaintiffs had prevailed on the merits, the Legal Aid Society made a request for attorney fees, arguing in support of its motion that the court's authority to provide for such an award could be found in Section 1988, Title 42, U.S. Code. Although the statute clearly referred only to actions brought to enforce rights accruing under federal law, the judge granted the motion, holding that the rationale of the Sixth Circuit Court of Appeals in *Seals* v. *Quarterly County Court* (C.A.6, 1977), 562 F. 2d 390, permitted an award of fees pursuant to the statute in certain cases resolved under state law. As we have already noted, however, he turned down the society's additional request for an enhancement of the basic award for the reason that the attorneys were "not working on a contingency basis" and were simply "carrying out the duties" for which a legal aid society was established.

This brings us to the primary issue raised by the Ohio Department of Public Welfare in its appeal. The specific question that we must decide is whether, under the particular facts and circumstances of this case, the party prevailing at trial on the merits of a claim resolved entirely under state law was entitled to an award of fees based upon the application of a federal statute

---

[1] The regulation read (the regulation was amended effective December 22, 1983) as follows:

"Individuals/families must reside in an independent living arrangement of their own choosing (with freedom of movement), and must not be residents in a public institution. Persons residing in Ohio Department of Mental Health and Mental Retardation licensed or supervised homes do not qualify for General Relief."

that referred only to the enforcement of federally created rights.

Section 1988, Title 42, U.S Code, reads, in relevant part, as follows:

"* * * In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

In *Seals* v. *Quarterly County Court, supra,* a group of black citizens attacked a reapportionment plan providing for the election of the members who were to serve on a county's governing body, joining a federal constitutional claim under Section 1983, Title 42, U.S. Code, with a second claim based exclusively upon the state law. Although the case was ultimately resolved in district court on the merits of the state claim without any ruling on the federal question, the Sixth Circuit Court of Appeals held, at 392-394, that the prevailing party could be awarded attorney fees under Section 1988, Title 42, U.S. Code, if the state claim arose out of "a common nucleus of operative fact" with the federal claim and the unaddressed federal claim otherwise met the substantiality test of *Hagans* v. *Lavine* (1974), 415 U.S. 528, and *United Mine Workers* v. *Gibbs* (1966), 383 U.S. 715.

In the case *sub judice,* we see no reason why the trial judge was not entitled to look to the two-part analysis adopted in *Seals* for guidance in resolving the question of the Legal Aid Society's entitlement to attorney fees as a result of the success achieved on the merits of its state claim. Because the record leaves no doubt that the dispositive state claim shared "a common nucleus of operative fact" with the separate federal claim brought pursuant to Section 1983, Title 42, U.S. Code, the only genuine area of controversy left to be resolved was whether the federal claim was, under the circumstances, a substantial one.

In this regard, we note that the test of substantiality has been well defined. A claim may be held plainly insubstantial under the test only if it is obviously without merit or if its unsoundness so clearly results from previous judicial decisions that it must be said that the subject is foreclosed and that there is no room for the inference that the question sought to be raised can be a matter of legitimate controversy. *Hagans* v. *Lavine, supra,* 415 U.S. at 538; *Levering & Garrigues Co.* v. *Morrin* (1933), 289 U.S. 103, 105-106; *Hannis Distilling Co.* v. *Baltimore* (1910), 216 U.S. 285, 288.

Here, the trial judge concluded, based upon his review of the evidence presented at trial and the relevant legal authorities, that the claim alleging a violation of federal equal protection rights as a result of the denial of welfare benefits to the residents of the group homes for the mentally ill did, in fact, present a substantial federal question. We are not prepared to disturb that conclusion because, in the absence of any prior authority that we consider to be clearly dispositive of the issue, it must be said on the state of this record that it derived reasonably and fairly from the evidence adduced at trial. Given the state of the evidence as it related specifically to the level and quality of services rendered by the Legal Aid Society, we further decline to interfere with the judge's calculation of the basic fee award. For these reasons, it is our conclusion that the two assignments of error given to us by the Ohio Department of Public Welfare are without merit.

Turning now to the only assignment of error advanced in the cross-appeal, we are confronted with the assertion that the stated basis employed to reject the Legal Aid Society's request for an enhancement of the basic fee award was erroneous in law. We find this claim to

be well-taken. Where, as here, attorney fees are properly awarded to the prevailing party at trial, an enhancement of the fees cannot be denied solely because the services have been rendered by a legal aid society. *Blum* v. *Stenson* (1984), 79 L. Ed. 2d 891; *Hensley* v. *Eckerhart* (1983), 461 U.S. 424.

Because we have found merit only in the assignment of error presented to us in the cross-appeal, the judgment of the court of common pleas is affirmed insofar as it provided for a basic award of fees in the amount of $15,216. That part of the judgment concerning the entitlement to a fee enhancement is, however, reversed, and this cause is remanded to the court below only for a consideration of the enhancement question in accordance with the appropriate legal standards.[2]

*Judgment affirmed in part, reversed in part and cause remanded.*

SHANNON, P.J., PALMER and KLUSMEIER, JJ., concur.

---

[2] We specifically reject the contention that, upon remand, the Legal Aid Society is entitled to seek additional fees based upon those services rendered in the briefing and argument of this cause on appeal.