KNUTTY et al., Appellants,

v.

WALLACE, Dir., Appellee.

[Cite as *Knutty v. Wallace* (1992), 84 Ohio App.3d 623.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1045.

Decided Dec. 31, 1992.

*Gary M. Smith* and *Eugene King,* for appellants.

*Lee Fisher,* Attorney General, *Alan Schwepe* and *John Williams,* Assistant Attorneys General, for appellee.

McCORMAC, Judge.

Plaintiffs-appellants, Lin A. Knutty and Ira Wilson, filed a class action complaint in the Franklin County Court of Common Pleas seeking declaratory and injunctive relief against defendant-appellee, Terry A. Wallace, Director of the Ohio Department of Human Services, on the grounds that appellee had promulgated and enforced an administrative regulation which conflicted with state law and violated their constitutional rights. Specifically, appellants alleged that Ohio Adm.Code 5101:1–5–024(D) conflicts with R.C. 5113.03(A). Appellants, and the other nearly eight thousand class members, claimed that R.C. 5113.03(A) entitled them to six months of general assistance benefits. Application of the rule promulgated in Ohio Adm.Code 5101:1–5–024, which was applied to the class,

reduced their "entitlement period" below the statutory six months. The trial court upheld the rule, finding it to be a reasonable interpretation of legislative intent.

Appellants appeal, raising the following assignments of error:

"Assignment of Error I

"Ohio Administrative Code Section 5101:1–5–024(D) is invalid in that it is inconsistent with the governing statutes and the legislative intent which underlie Chapters 5113 and 5115. The trial court therefore erred as a matter of law when it found the regulation to be reasonable and in compliance with legislative intent.

"Assignment of Error II

"Ohio Administrative Code Section 5101:1–5–024(D) is fundamentally unfair, arbitrary and unreasonable in violation of the plaintiffs' substantive rights under the Due Process Clause. The trial court erred as a matter of law when it failed to invalidate defendant Wallace's rule on that basis.

"Assignment of Error III

"Ohio Administrative Code Section 5101:1–5–024(D) arbitrarily and capriciously discriminates against the plaintiffs in an invidious fashion not reasonably and rationally related to any legitimate administrative purpose. Therefore, the trial court erred when it found that the rule did not violate the equal protection rights of the plaintiffs and the plaintiff class."

In their first assignment of error, appellants claim that Ohio Adm.Code 5101:1–5–024(D) is invalid because it contravenes the clear and express provisions of R.C. 5113.03(A). The 1991 legislative changes in the public welfare program (and the promulgation of new rules in furtherance of the new legislation) precipitated this appeal. Effective October 1, 1991, the General Assembly revamped the general assistance ("GA") program and created a separate program for disability assistance ("DA"). The revised GA program reduced the amount and duration of GA cash and medical benefits. At issue here is the period of time in which a person otherwise eligible for GA is entitled to receive GA benefits. Under the former GA program, benefits could continue indefinitely. R.C. 5113.03(A) now limits GA benefits to a maximum six-month period in any given year. R.C. 5113.03(A) states:

"Effective October 1, 1991, a person may receive general assistance for the lesser of the period for which he meets eligibility requirements or six months in any twelve-month period."

R.C. 5113.06(A) authorizes appellee to specify by rule what constitutes a month or a twelve-month period for purposes of R.C. 5113.03. This rule was promulgated in Ohio Adm.Code 5101:1–5–013(B). Under this rule, the twelve-month period

during which R.C. 5113.03(A) entitles a GA recipient to receive six months of GA benefits begins with the first month in which a GA payment is authorized. The months need not be consecutive and, in order to count a month towards the six-month total, that month must be a month in which a GA payment is authorized.

Eligibility for GA benefits is defined in R.C. 5113.02(A)(1) in terms of ineligibility for DA benefits (in addition to other requirements). Therefore, a person who is eligible for DA benefits is by definition ineligible for GA benefits. Appellants were those persons who were eligible for and did receive DA benefits in October and November 1991. The parties have stipulated to the fact that both of the named appellants were determined by appellee to be presumptively eligible for DA benefits effective October 1, 1991. It was further stipulated that appellants received DA benefits for the months of October and November 1991. DA benefits were terminated effective November 30, 1991, after a determination by the county medical services section that appellants were employable and, therefore, ineligible for DA benefits at that time. The parties also stipulated that both appellants became eligible for GA benefits effective December 1, 1991, and received GA benefits for four months beginning December 1991.

■ Appellants claim that they are entitled under R.C. 5113.03(A) to GA benefits for an additional two months (and that the other class members are entitled to a varying number of months as they also did not receive six months of GA after their "presumptive" DA benefits were terminated). Appellants claim that their statutory entitlement period did not begin until December 1, 1991, when they were first determined ineligible for and taken off of DA benefits. We agree with appellants that, because no person can be eligible for GA benefits if he or she is eligible for DA benefits, whether "presumptive" or not, the twelve-month period of GA entitlement should not have begun earlier than December 1, 1991.

Ohio Adm.Code 5101:1–5–024(D) reads as follows:

"If the individual is determined eligible for GA, the months of presumptive eligibility will count toward the six-month limitation for receipt of GA benefits. * * *"

The above rule was promulgated in conjunction with Ohio Adm.Code 5101:1–5–024(A), which declared appellants unemployable by presumption and eligible for DA benefits until the disability determination process was completed. While appellee's intent was honorable, in that he meant to subject the presumptive DA benefits award to appellants to retroactive eligibility for GA benefits only, without seeking recovery of the $15 a month overpayment, he was powerless to do so.

Ohio Adm.Code 5101:1–5–024(D) is in direct conflict with R.C. 5113.03(A), which provides for six months of GA benefits to those who are eligible. R.C.

5113.02 specifically states that those who are eligible for DA benefits are ineligible for GA benefits. GA benefits could not have been authorized during the months in which appellants were eligible for and received DA benefits, even if those benefits were labeled presumptive. As noted earlier, the twelve-month period begins on the month in which GA benefits are authorized. Ohio Adm. Code 5101:1–5–013(B). By virtue of R.C. 5113.02(A)(1), the twelve-month period could not begin prior to the determination that appellants were no longer eligible for DA benefits. For these named appellants, this could not have occurred prior to December 1, 1991.

■ As we have previously held, "[t]he purpose of administrative rulemaking is to facilitate the implementation of legislative policy." *Carroll v. Dept. of Adm. Serv.* (1983), 10 Ohio App.3d 108, 10 OBR 132, 460 N.E.2d 704, paragraph one of the syllabus. It is not enough that appellee's rule is reasonable in light of the legislative intent if it contradicts express legislative language. "[B]ecause the power delegated is to administer rather than to legislate, the director may not promulgate rules which add to his delegated powers, no matter how laudable or sensible the ends sought to be accomplished." *Id.* at 110, 10 OBR at 134, 460 N.E.2d at 707.

In promulgating Ohio Adm.Code 5101:1–5–024(D), appellee altered the balance the General Assembly sought in attempting both to reduce the deficit and to meet the needs of the destitute. Rather than administering legislative policy, appellee formulated new policy by creating an entitlement period shorter than six months. "In the absence of clear legislative authorization, declarations of policy * * * are denied administrative agencies and are reserved to the General Assembly." *Carroll, op. cit.*

■ Appellee's authority to promulgate rules, as relevant here, is found in R.C. 5115.01(B) and 5115.05(B). These statutory provisions require that appellee adopt rules defining terms and establishing standards for determining whether a person is unemployable (and, therefore, eligible for DA benefits) due to a physical or mental disability, and rules establishing various other eligibility requirements. These statutes do not, however, grant appellee power to alter the durational limit established by the General Assembly in R.C. 5113.03(A).

The courts have increasingly recognized the power of administrative agencies to promulgate regulations and rules of procedure in order to operate effectively. *English v. Koster* (1980), 61 Ohio St.2d 17, 18, 15 O.O.3d 9, 11, 399 N.E.2d 72, 73–74. However, "[t]he basic limitation on this authority is that an administrative agency may not legislate by enacting rules which are in excess of legislative policy, or which conflict with the enabling statute." *Id.* at 19, 15 O.O.3d at 11, 399 N.E.2d at 74. In promulgating Ohio Adm.Code 5101:1–5–024(D), appellee ex-

ceeded his powers as he adopted the rule in contradiction to R.C. 5113.03(A). "A rule that is contrary to statute is invalid." *Hoover Universal, Inc. v. Limbach* (1991), 61 Ohio St.3d 563, 569, 575 N.E.2d 811, 816.

Appellants' first assignment of error is sustained.

Appellants' second and third assignments of error are moot and are overruled for this reason.

Appellants' first assignment of error is sustained. Appellants' second and third assignments of error are overruled. The judgment of the trial court is reversed and the cause is remanded to the trial court for further procedure consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG, P.J., and PEGGY BRYANT, J., concur.