KNUTTY et al., Appellants,

v.

WALLACE, Dir., Appellee.

[Cite as *Knutty v. Wallace* (1995), 100 Ohio App.3d 555.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE05–714.

Decided Jan. 31, 1995.

*William L. Archer, Jr.,* and *Eugene R. King; Gary M. Smith,* for appellants.

*Betty D. Montgomery*, Attorney General, *Alan P. Schwepe* and *John T. Williams*, Assistant Attorney General, for appellee.

BOWMAN, Judge.

On March 27, 1992, appellants, Lin A. Knutty and Ira Wilson, Jr., filed a class action complaint against appellee, Terry Wallace, Director, Ohio Department of Human Services, wherein they sought a declaration under state law that a state administrative rule provision promulgated in 1991 to facilitate the transition period for the new disability assistance and general assistance programs was in conflict with the state statute pertaining to the period of receipt of general assistance benefits. Appellants also alleged that, under Section 1983, Title 42, U.S. Code, the challenged rule violated their due process and equal protection rights under the Fourteenth Amendment to the United States Constitution.

On July 2, 1992, the trial court rendered a decision that the challenged rule was not in conflict with state statutory law, nor did it violate appellants' constitutional rights. The trial court also certified a class under Civ.R. 23(B)(2). Appellants appealed the trial court's decision to this court and, in *Knutty v. Wallace* (1992), 84 Ohio App.3d 623, 617 N.E.2d 783, this court reversed the trial court, finding that appellee had exceeded his authority by promulgating a rule in contradiction to state law. This court also found that appellants' two assignments of error that related to the alleged due process and equal protection violations were moot and were, therefore, overruled. Appellee sought to appeal this court's decision to the Ohio Supreme Court; however, its petition was denied on June 2, 1993.

Thereafter, the parties began negotiating the implementation of this court's decision. Counsel for the parties, as well as the Ohio Department of Human Services' staff, met from July to December 1993 in order to produce orders, legal advertising notices, posters, guidelines and forms to be used by county human services' workers in implementing the relief in the case. All of the forms, notices, advertising and guidelines were included with the final agreed order that was reviewed and signed by the trial court at a fairness hearing on December 20, 1993. The order and its attachments described a process in which appellants' counsel would have continuing contact with the class in order to facilitate the remedy phase for many months after the final order was entered. As the final order indicates, counsel for appellants agreed to file a motion for award of attorneys' fees and costs under Section 1988, Title 42, U.S. Code, on or before January 31, 1994, if the issue of attorneys' fees was not settled by that time.

Since December 20, 1993, appellants' counsel has spent approximately ninety-three hours in monitoring the implementation of the settlement. On January 31, 1994, appellants filed a motion for an interim award of attorney fees, costs and

expenses under Section 1988, Title 42, U.S.Code, in which they sought a total of $62,085.55. Appellants also requested leave to file a final motion for fees by November 10, 1994, because the remedy phase of the case was expected to be completed at that time. On February 28, 1994, appellee filed a motion in opposition.

On April 19, 1994, the trial court, in ruling that appellants were not entitled to attorney fees, costs and expenses, stated that, although this court had found in favor of appellants on their state claims, their federal claims were found to be moot and, therefore, held that appellants had not prevailed on their federal claims. As a result, since appellants' only success was upon their state claims, they could not be considered prevailing parties and an award of attorney fees under Section 1988, Title 42, U.S.Code, was not supported.

Appellants now bring this appeal, asserting the following assignments of error:

"Assignment of Error I

"Plaintiffs are entitled to attorneys' fees, costs and expenses under 42 U.S.C. section 1988, as a prevailing party upon their federal, constitutional claims brought pursuant to 42 U.S.C. section 1983. Therefore, the trial court erred as a matter of law when it held that plaintiffs were not entitled to attorneys' fees, costs and expenses as prevailing parties under Section 1988.

"Assignment of Error II

"Plaintiffs are entitled to attorneys' fees, costs and expenses for the time spent monitoring the implementation of the trial court's December 20, 1993 order."

Appellants' assignments of error are related and will be addressed together. Appellants assert that, pursuant to Section 1988, Title 42, U.S.Code, they are entitled to attorney fees, costs and expenses because they are prevailing parties in this litigation and that the fees should include the costs of monitoring implementation of the order.

A number of the arguments asserted by appellants and appellee turn on the effect of this court's overruling appellants' assignments of error regarding their federal claims as moot. See *Knutty*. Appellants assert that this court's ruling did not address the federal claims issues while appellee asserts that, by finding these issues moot, we affirmed the trial court's decision as to those issues.

■ It is the duty of this court to decide actual controversies by a judgment which can be carried into effect. It is not the duty of this court to give opinions upon abstract propositions or to declare principles or rules of law which cannot affect the matter in issue in the case before it. *Mills v. Green* (1895), 159 U.S.

651, 16 S.Ct. 132, 40 L.Ed. 293. See, also, *State ex rel. Eliza Jennings, Inc. v. Noble* (1990), 49 Ohio St.3d 71, 551 N.E.2d 128. Where a decision cannot be made effectual by a judgment, a court should not express an opinion upon that issue and the issue becomes moot. *Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21. When a court indicates that an issue is moot, it means that a determination of that issue is not necessary. See *Ebner v. Caudill* (1994), 93 Ohio App.3d 785, 639 N.E.2d 1231. In *Criss v. Springfield Twp.* (1989), 43 Ohio St.3d 83, 538 N.E.2d 406, the court stated that, when the court of appeals uses moot, it means that it is irrelevant. In other words, the finding of one error removes the need to decide whether or not there are other errors. When this court overruled appellants' assignments of error as to the federal issues as moot, it left those issues undecided. It did not mean that the trial court's decision on those issues was correct; rather, it meant that it was not necessary to determine those issues because the case was being remanded based on another issue, in this case, the state claims. This court's ruling made no determination whatsoever on the correctness of the trial court's ruling on the federal claims. Thus, when the trial court denied appellants' attorney fees because it found they did not prevail on their federal claims, it erred.

When appellants filed their motion for attorney fees, the trial court should have held a hearing to determine the merits of their request under Section 1988, Title 42, U.S.Code. In *Hensley v. Eckerhart* (1983), 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40, the court stated that a plaintiff must be a prevailing party to recover attorney fees under Section 1988, Title 42, U.S.Code. Parties may be said to be prevailing for attorney fees purposes if they succeed on any significant issue in litigation that achieves some of the benefit the parties sought in bringing suit. See, also, *Cincinnati ex rel. Kuntz v. Cincinnati* (1992), 79 Ohio App.3d 86, 606 N.E.2d 1028. A prevailing party on a claim based exclusively on state law may be awarded attorney fees if the state claim was joined in an action with a claim based on a federal right created under statute specified in Section 1988, the state claim arose out of a common nucleus of operative fact with a federal claim, and the federal claim, although unaddressed, otherwise met the substantiality test of *Hagans v. Lavine* (1974), 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577, and *United Mine Workers of Am. v. Gibbs* (1966), 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218. *Fenton v. Query* (1992), 78 Ohio App.3d 731, 605 N.E.2d 1303. Under the test of substantiality set forth in *Hagans* and *Gibbs,* a claim may be held plainly insubstantial only if it is obviously without merit or if its unsoundness so clearly results from previous judicial decisions that it must be said that the

subject is foreclosed and that there is no room for the inference that the question sought to be raised can be a matter of legitimate controversy. *Doe v. Cuddy* (1985), 21 Ohio App.3d 270, 21 OBR 341, 487 N.E.2d 914.

In this case, because the trial court found that appellants failed on their federal claims, no review has been made to determine whether appellants are prevailing parties, nor has there been a determination of whether the state claims and the federal claims satisfied a test of commonality and substantiality. Because the trial court did not conduct a hearing on these issues, it erred. Appellants' first assignment of error is well taken.

In their second assignment of error, appellants assert that the trial court erred in failing to award them attorney fees for the time spent monitoring implementation of the trial court's December 20, 1993 order.

In this case, no determination was made as to whether or not appellants were entitled to attorney fees at all, let alone for attorney fees beyond the time frame to which the parties originally agreed. In general, most parties who are requesting attorney fees under Section 1988, Title 42, U.S.Code, do not file their motion for attorney fees until after they have achieved some success on their claim and, thus, might be considered prevailing parties. It would be illogical to require parties to put on evidence of their attorney fees during their case in chief prior to a determination of their success on the merits of their claims. Thus, filing a motion for attorney fees under Section 1988, Title 42, U.S.Code, at the conclusion of the case or sometime thereafter is not inappropriate. Accordingly, because the trial court did not determine the amount of attorney fees to which appellants might be entitled or whether they are entitled to attorney fees for the time spent monitoring the implementation of the order, the trial court erred. Appellants' second assignment of error is well taken.

Based on the foregoing, appellants' two assignments of error are sustained, the judgment of the trial court is reversed and this cause is remanded to the trial court for a hearing consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE, P.J., and CLOSE, J., concur.