OPINION
{¶ 1} Appellant Judith Bayus ("Bayus"), a Canfield Township Trustee, is appealing a ruling of the Mahoning County Court of Common Pleas denying a Civ.R. 24 motion to intervene in a mandamus action. Appellee-Relator Cardinal Joint Fire District ("Cardinal") filed the mandamus action against Appellee-Respondent Canfield Township ("Canfield Twp.") in order to force the township to repair and maintain Gibson Rd. in Canfield Township. Bayus wished to assert a number of defenses to the mandamus action that were not raised by counsel for Canfield Twp. The trial court refused to permit Bayus to intervene either as a township trustee or as an individual citizen. For the following reasons, we reverse the judgment of the trial court and allow Bayus to intervene as a party defendant.
 FACTS AND PROCEDURAL HISTORY {¶ 2} Cardinal filed a petition for writ of mandamus on November 5, 2002. Cardinal is a joint fire district created under the authority of R.C. § 505.371. It was alleged that Canfield Twp. was not maintaining Gibson Rd. as required by R.C. §§5535.01 and 5571.02. Cardinal alleged that the road created hazardous conditions during fire emergencies. The mandamus petition also alleged that the poor condition the road did not allow fire engines or other emergency vehicles to travel the road safely, and that there had been previous demands for Canfield Twp. to repair the road. Cardinal filed the mandamus petition so that the Mahoning County Court of Common Pleas would order Canfield Twp. to repair and maintain the road so as to make it useable, safe and passable.
 {¶ 3} Canfield Twp. filed an answer on November 13, 2002. The answer admitted that Canfield Twp. had a duty to maintain Gibson Rd., that it had failed to adequately maintain the road, and that the road was in a hazardous condition. Canfield Twp. denied that any of its actions had been negligent or willful. In its defense, Canfield Twp. averred that it had applied for a state grant and had appropriated matching funds to improve Gibson Rd.; that the board of trustees passed a resolution authorizing the road improvement; but that Bayus and a citizen's group called Citizens Word had filed for an injunction to prevent the work from being completed. The Mahoning County Court of Common Pleas granted the injunction on October 10, 2001. Canfield Twp. alleged that this case was pending before the Seventh District Court of Appeals, and that the trial court was prohibited from taking any action until the appeal was resolved.
 {¶ 4} Canfield Twp.'s answer further alleged that trustees William Reese and Paul Moracco, being a majority of the members of the board of trustees, passed and adopted a resolution providing for the repair and safety upgrade of Gibson Rd., while trustee Bayus voted against the resolution. Reese and Moracco later rescinded the resolution in response to another suit filed by Citizens Word. Trustees Reese and Moracco stated that they were, "willing and able to take any and all necessary action by affirmative majority vote of the Canfield Township Board of Trustees to maintain, repair and or improve Gibson Road * * *." (11/13/02 Answer, p. 4.)
 {¶ 5} On December 9, 2002, Bayus filed a Civ.R. 24 motion to intervene in the case. She asserted that she was entitled to intervene as a matter of right under Civ.R. 24(A), and she also prayed for permission to intervene under Civ.R. 24(B). She requested to intervene as a township trustee and as a private citizen in order to assert certain defenses that she alleged were not being pursued by counsel for the township. She also filed a proposed answer with these additional defenses:
 {¶ 6} 1. A joint fire district has no statutory authority or standing to file a mandamus action against a township.
 {¶ 7} 2. The prior lawsuit filed by Citizens Word, which was pending in the Seventh District Court of Appeals, deprives the Mahoning County Court of Common Pleas of jurisdiction to issue a writ of mandamus. (It must be noted that this Court issued an opinion on March 28, 2003, in the case of Citizens Word v.Canfield Twp., 152 Ohio App.3d 252, 2003-Ohio-1604, 787 N.E.2d reversing the trial court and removing the injunction.)
 {¶ 8} 3. The mandamus action requests relief that goes beyond the statutory duties imposed upon Canfield Twp., which is to keep the road in good repair. Cardinal seeks to have the road widened and reconstructed. These actions are not required or authorized by R.C. § 5535.08.
 {¶ 9} 4. Citizens living along the road have deemed it to be in good repair.
 {¶ 10} 5. The plans that have been prepared for widening and repairing Gibson Rd. are flawed, have serious safety problems, and are contrary to county road specifications.
 {¶ 11} 6. The construction bids for the road repair project are in error.
 {¶ 12} 7. Canfield Twp. does not own the proper right of ways to reconstruct Gibson Rd. in the manner suggested by the proposed plan. Township funds would be needed to acquire those right of ways, and private property rights would be infringed upon, without any improvement in safety.
 {¶ 13} On December 10, 2002, Cardinal filed a motion for summary judgment, arguing that Canfield Twp. had a statutory duty to keep the township roads in good repair and that Gibson Rd. was not in good repair. An attached affidavit from Fire Chief Robert J. Tieche asserted that the road was so bad that one of his fire trucks almost rolled into a ditch when it traveled on Gibson Rd. to respond to an emergency. Chief Tieche alleged that the condition of Gibson Rd. did not allow emergency vehicles to use the road safely, and endangered the lives of those who live on the road.
 {¶ 14} Canfield Twp. did not respond to Cardinal's motion for summary judgment. Instead, on December 17, 2002, Canfield Twp. filed an extensive memorandum in opposition to Bayus' motion to intervene. On January 2, 2003, Cardinal filed a memorandum in opposition to Bayus' motion to intervene and a motion to strike Bayus' answer to the complaint. These generated further responses and reply memoranda.
 {¶ 15} The case was set to be heard before a magistrate. On February 28, 2003, the magistrate overruled Bayus' motion to intervene and also granted Cardinal's motion for summary judgment. The magistrate found that Bayus had not presented any statute setting forth a basis for intervening as a matter of right under Civ.R. 24(A)(1) or 24(B)(1). The magistrate found that Bayus was adequately represented in the mandamus action by virtue of the fact that she was a member of the Canfield Twp. board of trustees.
 {¶ 16} On March 5, 2003, Bayus filed objections to the magistrate's decision. The objections reiterated arguments previously set forth in her original motion to intervene and in her January 8, 2003, reply memorandum. Bayus argued that the magistrate did not properly consider whether she could intervene under Civ.R. 24(A)(2) or B(2), and did not consider that she moved to intervene both as a township trustee and as a private citizen. Both Cardinal and Canfield Twp. filed responses in opposition to the objections.
 {¶ 17} On April 1, 2003, the trial court overruled the objections and adopted the magistrate's decision. This appeal followed on April 15, 2003.
 {¶ 18} On May 23, 2003, this Court filed a journal entry which held that the April 15, 2003, judgment was not a final appealable order because the trial court had merely adopted the magistrate's decision without actually making a ruling on Bayus' motion to intervene. The parties were given 14 days to obtain a modified judgment entry from the trial court. A modified entry was filed on June 4, 2003, in which Bayus' motion to intervene was specifically overruled.
 {¶ 19} Both Cardinal and Canfield Twp. have filed briefs opposing Bayus' right to relief in this appeal.
 MOTION TO DISMISS APPEAL {¶ 20} On March 12, 2004, Canfield Twp. filed a motion to dismiss this appeal, alleging that it is moot. The motion asserts that Gibson Rd. has been repaired, and three affidavits are attached to the motion purportedly demonstrating that the repair work has been done.
 {¶ 21} A court of appeals is bound by the official record that is filed by the parties, as defined by App.R. 9. "Since a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings."State v. Ishmail (1978), 54 Ohio St.2d 402, 405-406,377 N.E.2d 500. The official record does not indicate that the road has been repaired.
 {¶ 22} On rare occasions, a reviewing court may be asked to dismiss an appeal based on events that have occurred outside the parameters of the official record. If an outside event renders it impossible for the reviewing court to grant any relief, and if the event occurred through no fault of either party, the reviewing court may consider whether the event renders the appeal moot. Miner v. Witt (1910), 82 Ohio St. 237, 92 N.E. 21, syllabus, reaffirmed in State ex rel. Eliza Jennings, Inc. v.Noble (1990), 49 Ohio St.3d 71, 74, 551 N.E.2d 128. An appeal is moot when there is no longer an actual controversy between the parties and when the appellate judgment will have no effect on the substantial rights of the parties. Knutty v. Wallace
(1995), 100 Ohio App.3d 555, 558, 654 N.E.2d 420.
 {¶ 23} Assuming arguendo that Canfield Twp. did make repairs to Gibson Rd., this would not render the present appeal moot. The writ of mandamus would continue to be in effect even if this appeal were dismissed, and Cardinal could presumably bring further enforcement actions against Canfield Twp. based on the quality and nature of the repairs to the road. Canfield Twp. would need to defend against these further proceedings, which might lead to further orders to repair the road, or might lead to contempt proceedings. This appeal, if successful, would reopen the mandamus proceedings and allow Bayus to assert further defenses, which might in turn prevent the writ from being issued. An appeal may affect the substantial rights of the parties whether or not repairs have been made to Gibson Rd. Thus, the motion to dismiss is overruled.
 ASSIGNMENTS OF ERROR {¶ 24} Bayus' first assignment of error states:
 {¶ 25} "The magistrate and trial court abused their discretion and committed prejudicial error in overruling appellant bayus' motion to intervene as a third-party defendant and granting summary judgment to appellee-plaintiff without consideration of the issues raised in appellant's tendered answer."
 {¶ 26} Bayus claims that she has a right to intervene under Civ.R. 24(A), which states:
 {¶ 27} "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 28} No caselaw has been cited dealing specifically with whether an individual township trustee may intervene to aid a township's defense of a civil action. Bayus has also failed to cite any statute that would grant her a right to intervene under Civ.R. 24(A)(1). In order to support her argument Bayus must, therefore, rely on more general rules governing intervention.
 {¶ 29} Bayus correctly states that Civ.R. 24 must be read liberally in favor of allowing intervention, citing State exrel. Polo v. Cuyahoga Cty. Bd. of Elections (1995),74 Ohio St.3d 143, 144, 656 N.E.2d 1277. A trial court's ruling on a Civ.R. 24 motion to intervene is reviewed on appeal for abuse of discretion. State ex rel. First New Shiloh Baptist Church v.Meagher (1998), 82 Ohio St.3d 501, 505, 696 N.E.2d 1058, fn. 1. Abuse of discretion will be found where the court's actions were unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140.
 {¶ 30} We will first examine whether Bayus, as a township trustee, should have been permitted to intervene as a matter of right under Civ.R. 24(A)(2). Before a party may intervene under Civ.R. 24(A)(2), the trial court must determine that: 1) the intervenor has an interest in the subject matter of the action; 2) that the intervenor's interests might be impaired or impeded by the action; and that 3) the intervenor's interests are not adequately represented by the existing parties. Fairview Gen.Hosp. v. Fletcher (1990), 69 Ohio App.3d 827, 831,591 N.E.2d 1312. Failure to meet any one of these three elements will result in denial of the right to intervene. Id. The trial judge makes the initial factual determination of whether these three elements are met, and is traditionally given great leeway in making such factual determinations under Civ.R. 24(A). Widder Widder v.Kutnick (1996), 113 Ohio App.3d 616, 624, 681 N.E.2d 977;Jamestown Village Condo. Owners Assn. v. Market Media Research,Inc. (1994), 96 Ohio App.3d 678, 694, 645 N.E.2d 1265.
 {¶ 31} It is clear that Bayus met the first two requirements of Civ.R. 24(A). As a township trustee, she has an interest in a mandamus action against Canfield Twp., and if the mandamus action is not properly defended, the interests of the township trustees could be adversely affected. The issue in this appeal is with the third requirement of Civ.R. 24(A), i.e., whether Bayus' rights were adequately represented by the counsel that the board of trustees, as a whole, selected to represent them in this mandamus action.
 {¶ 32} The trial court concluded that Bayus was adequately represented in this matter because she had the opportunity to express any opinions about this case during meetings of the board of trustees. The problem with the trial court's conclusion, according to Bayus, is that she did not ever have an opportunity to review the legal defenses actually asserted by Canfield Twp.'s legal counsel until after counsel had filed an answer to the complaint. Bayus contends that it is not particularly relevant that she could have made suggestions for specific legal defenses either directly to the other trustees or at public meetings of the trustees. Her desire to intervene is based on the actual decisions made by counsel as part of this mandamus action, decisions that Bayus considers to be inadequate and detrimental to her interests as a township trustee. Bayus does not believe that her duty to see that the township is adequately represented in this mandamus action ends simply because she could have discussed certain legal defenses with the other trustees at an earlier time.
 {¶ 33} We are well aware that counsel's assertion of defenses is part of the trial tactics used in litigation, and that counsel's choice of trial tactics is usually treated with great deference by the courts. In re Baby Girl Doe,149 Ohio App.3d 717,2002-Ohio-4470, 741,778 N.E.2d 1053, ¶ 101. There is more to this appeal, though, than a simple question concerning counsel's tactical decision concerning which defenses to assert.
 {¶ 34} The record reveals that counsel for Canfield Twp. filed a timely answer to the mandamus petition. Although the answer agreed with most of the allegations in the petition, the township's primary defense was that the petition was moot because the township had already taken the steps necessary to repair Gibson Rd., and that it was prevented from taking any further action due to a prior lawsuit and a pending injunction. Thus, counsel did initiate a defense against the mandamus action.
 {¶ 35} However, counsel did not fully pursue the defenses that were presented in the answer because counsel did not file a response to Cardinal's motion for summary judgment. Under Civ.R. 56(E), if the opposing party does not respond to a motion for summary judgment by demonstrating that there are genuine issues of material fact in dispute, the court must grant summary judgment if it is appropriate. By failing to respond to the motion for summary judgment, counsel made it very easy for the trial judge to grant the writ of mandamus, regardless of the defenses that had been raised earlier. In a sense, then, one construction of counsel's actions which may be gleaned from the record is that counsel (presumably under the direction of the trustees) abandoned the defense at a crucial point in the litigation. During this same time period, counsel was actively opposing Bayus' attempt to assert additional defenses and filed various memoranda in opposition to Bayus' intervention. Thus, it appears that counsel actively worked against raising additional defenses during the same time period counsel failed to assert a defense to Cardinal's motion for summary judgment. It is possible to construe from the record that the actions taken by Canfield Twp. through its counsel cannot be interpreted as being in Bayus' interests either as an individual trustee or as part of the larger board of trustees.
 {¶ 36} Cardinal's primary argument in rebuttal is that Bayus, as a single trustee, has no authority over the repair and maintenance of a township road. Cardinal contends that a trustee can only exercise the powers granted by the Ohio general assembly, and that Bayus has not pointed to any source of authority granting her power to individually intervene in an action on behalf of the entire board of trustees. While this is generally true, Cardinal is neglecting the fact that, at minimum, a trustee owes a fiduciary duty to the beneficiaries of the trust, which in this case would be the citizens of the township. See, e.g., Scott v. Trustees of Marion Township (1883),39 Ohio St. 153; Cassetty v. Kinney (Sept. 24, 1984), 5th Dist. No. CA-6378. An individual trustee cannot ignore his or her duties by simply relying on the judgment, good or bad, of the other trustees.
 {¶ 37} There is also some question about whether Bayus had individual rights in this matter that should have entitled her to hire separate counsel. Although Cardinal asserts that an individual trustee has no authority to act alone as a representative of the township, this is not entirely correct. If a decision of a board of township trustees required a unanimous vote, then every individual trustee has the power to prevent the act or resolution from being adopted by voting against it.
 {¶ 38} R.C. § 5571.15(A) requires a unanimous vote of a board of township trustees for road improvement projects:
 {¶ 39} "(A) Except as provided in division (B) of this section, the board of township trustees, without the presentation of a petition, may take the necessary steps to construct, reconstruct, resurface, or improve a public road or part thereof, upon the passage of a resolution by unanimous vote declaring the necessity for the construction, reconstruction, resurfacing, or improvement. * * *"
 {¶ 40} On the other hand, a board of township trustees only needs a majority vote in order to approve the repair of township roads, pursuant to R.C. § 5571.02:
 {¶ 41} "The board of township trustees shall have control of the township roads of its township and shall keep them in good repair. The board of township trustees may, with the approval of the board of county commissioners or the director of transportation, maintain or repair a county road, or intercounty highway, or state highway within the limits of its township. * * *"
 {¶ 42} Similarly, a board of trustees in not required to obtain a unanimous vote in order to proceed with road maintenance projects pursuant to R.C. §§ 5535.01 and 5535.08.
 {¶ 43} We are mindful of the fact that the instant mandamus action was brought to enforce road repairs under R.C. §§ 5571.02,5535.01 and 5535.08 (which do not require a unanimous vote of the township trustees), rather than as an action to enforce road improvements under R.C. § 5571.15(A). We do not think that it is necessary here to enter into a lengthy discussion of the distinctions between repairing and maintaining a road versus resurfacing and reconstructing a road. The record raises the possibility that the instant mandamus action was brought specifically because Bayus would not give her consent to the reconstruction, resurfacing or improvement of Gibson Rd., and would have blocked any such resolution pursuant to R.C. §5571.02. In this respect, Bayus appears to have an individual interest in seeing that the instant mandamus action is not used as means to avoid the requirements of R.C. § 5571.15, and as a means to bypass her right to cast a determinative vote over matters concerning the reconstruction, resurfacing or improvement of a township road.
 {¶ 44} Bayus further argues that she should have been permitted to intervene under Civ.R. 24(B)(2), which reads in pertinent part: "[u]pon timely application anyone may be permitted to intervene in an action * * * when an applicant's claim or defense and the main action have a question of law or fact in common." Bayus argues that all the defenses she has raised are based on the same common facts that counsel for the other two trustees presumably relied upon when it drafted an answer to the mandamus petition.
 {¶ 45} We are additionally mindful that a mandamus action is a special proceeding. Parties are only to seek and be granted mandamus if one party has a clear legal duty to perform an action, the party seeking mandamus has a clear legal right to relief and there is no other adequate legal remedy. State exrel. Ferguson v. Court of Claims of Ohio, Victims of Crime Div.,98 Ohio St.3d 399, 2003-Ohio-1631, ¶ 10. In a mandamus action seeking to force a governmental body to expend funds and to remove the discretion from the governmental body as to the timing and/or manner of expending such funds, a court should proceed with great caution. Only when it is very clear that the right and concomitant duty clearly exists should mandamus issue. In such cases, where additional defenses may exist, more caution and more inclusion, rather than less, seems the more prudent judicial course.
 {¶ 46} Once again, the trial court's decision in this matter is reviewed for an abuse of discretion. Adams v. Metallica,Inc. (2001), 143 Ohio App.3d 482, 491, 758 N.E.2d 286. The same arguments apply to Civ.R. 24(B)(2) that applied above in the analysis of Civ.R. 24(A)(2). Bayus had a substantial interest in the outcome of this mandamus action, whether as an individual trustee or as a representative of the interests of the entire board of trustees. Once it became clear that Canfield Twp.'s counsel had, in essence, stopped defending against the mandamus action and had devoted itself solely to preventing Bayus from intervening in the action, the trial court should have realized that counsel was not adequately representing Bayus' interests as a trustee. Based on the principle that Civ.R. 24 should be liberally applied, the trial court should have permitted Bayus to raise additional defenses in the general interest of the entire board of trustees.
 {¶ 47} Bayus also contends that she should have been able to intervene as an individual citizen. She argues that, as a citizen of the township, she has an interest in presenting the best legal defense possible against lawsuits filed against the township. She contends that a citizen should be permitted to assert additional defenses if the township's counsel is not adequately defending against suits filed against the township. Again, we acknowledge the interest that a township resident has in the expenditure of township funds, which are presumably generated from taxes collected from the citizens in the township. See, e.g., OttawaCty. Bd. of Commrs. v. Marblehead (1995), 102 Ohio App.3d 306,317, 657 N.E.2d 287. Given the conclusion apparent from the record that counsel had, in essence, stopped defending against the mandamus action after Cardinal filed its motion for summary judgment, it was appropriate for a township resident, just as it was appropriate for an individual township trustee, to attempt to intervene and continue the defense of the action, especially in light of the special nature of a mandamus proceeding and the vast discretion statutorily granted to governmental bodies in the manner and timing with which they carry out their duties.
 {¶ 48} Based on the foregoing analysis, we find Bayus' first assignment of error meritorious.
 {¶ 49} Appellant's second assignment of error asserts:
 {¶ 50} "The magistrate and trial court erred and abused their discretion in ruling on the motion for summary judgment before appellant third-party intervenor had the opportunity of filing objections with this court or to appeal the ruling to the court of appeals."
 {¶ 51} Bayus argues that the trial court should have waited until this appeal had terminated before deciding whether or not to grant the writ of mandamus. Cardinal argues that the trial court has not yet granted its motion for summary judgment, and that this matter is not yet ripe for review. Based on this Court's journal entry of May 23, 2003, and the trial court's subsequent response, it would appear that this issue is premature. We held that the April 1, 2003, trial court judgment was not a final appealable order because it merely adopted the magistrate's decision without making any further rulings. The trial court's amended entry of June 4, 2003, ruled on Bayus' motion to intervene, but did not rule on the motion for summary judgment. Therefore, the motion for summary judgment remained pending with the trial court at the time this appeal was filed, and it appears that the issue has not yet been finally determined by the trial court.
 {¶ 52} In conclusion, we hold that the trial court abused its discretion in overruling Bayus' motion to intervene in the instant writ of mandamus action, and we sustain Appellant's first assignment of error. We overrule Appellant's second assignment of error as being premature. We reverse the judgments of the Mahoning County Court of Common Pleas issued on April 1, 2003, and June 4, 2003, and hereby grant Appellant Judy Bayus' motion to intervene in the underlying mandamus action.
Vukovich, J., concurs.
DeGenaro, J., concurs in part and dissents in part; see concurring in part and dissenting in part opinion.