OPINION. *Page 2 
{¶ 1} In the third appeal of this matter, plaintiff-appellant Michael R. Cleary challenges the trial court's May 2, 2006, decision denying his motion for attorney fees under Section 1988, Title 42, U.S. Code, because he was not a prevailing party for purposes of awarding fees. Cleary had brought suit against defendant-appellee, the city of Cincinnati, under Section 1983, Title 42, U.S. Code, state statutes, and municipal ordinances, for damages resulting from the city's failure to provide proper notice of the demolition of Cleary's property located on Eastern Avenue in Cincinnati. In reviewing the extensive prior proceedings in this case, the trial court denied the award of fees, concluding that there had been no finding of a violation of Section 1983 and that "the case was decided on statutory grounds." Because the city had not challenged this court's and the trial court's prior rulings that Cleary had prevailed on his due-process claim, the conclusion that Cleary was a prevailing party for purposes of Section 1988 is now the law of the case.
 Cleary I {¶ 2} In November 2000, Cleary sued the city for violating his federal constitutional rights, alleging that the city had demolished his building and destroyed its contents without providing adequate notice and an opportunity to be heard on the matter. The city counterclaimed for the cost of the demolition.
 {¶ 3} Cleary moved for partial summary judgment on the issue of liability, claiming that the demolition of his house violated his due-process rights and R.C. 119.09, and that the city's chosen manner of providing notice violated the due-process guarantees of the federal constitution.[1] The city also moved for summary judgment, claiming that *Page 3 
Cleary lacked standing to bring the claims, and that he had not been denied due process because he had received actual notice of the proceedings before the Board of Building Appeals.
 {¶ 4} The trial court noted that Cleary had sought partial summary judgment on the question "whether the City violated his constitutional rights with respect to the procedure the City used here regarding the demolition of the building, such that he would be entitled to damages." The trial court found that Cleary lacked standing to bring the damages claim. Thus the city was entitled to summary judgment.
 {¶ 5} On July 31, 2002, the trial court journalized its decision after conducting a bench trial on the remaining claims. The trial court noted its earlier entry of summary judgment on one of Cleary's claims, and concluded that the "Cincinnati Municipal Code provisions here clearly constituted an affirmative legislative duty that requires the City to protect the rights of those who may own or have an interest in premises in the process of being condemned. The record clearly shows that the City failed to comply with the notice requirements" of the code. Therefore, the City's "failure * * * to comply with the [code] bars it from recovering demolition costs."
 {¶ 6} Both parties appealed from this judgment. In Cleary v.Cincinnati (June 11, 2003), 1st Dist. Nos. C-020525 and C-020543("Cleary I"), this court held that Cleary had standing and reversed "the trial court's decision granting summary judgment to the city on Cleary's claim for damage to the property itself, and * * * remand[ed] the case to the trial court to consider that claim on the merits."
 {¶ 7} In resolving the city's assignments of error, this court also held that (1) the city had failed to comply with the notice provisions of state statutes and of the Cincinnati Municipal Code; (2) the city's letters to Cleary were "not reasonably calculated" to provide *Page 4 
notice of the proceedings because "the city continued to send letters by ordinary mail to an address that it knew was defective"; and (3) "[e]ven if Cleary had actual notice, it did not relieve the city of its burden" to provide proper notice. All of these points were primary allegations of Cleary's original complaint in which he had claimed a violation of his civil rights when the city had demolished his building and destroyed its contents without providing constitutionally adequate notice and an opportunity to be heard on the matter.
 Retrial Before the Magistrate {¶ 8} On remand to the trial court, Cleary again moved for attorney fees under Section 1988. Cleary argued that this court's holding that the city had failed to provide reasonable notice indicated that he had prevailed on his Section 1983 claims grounded in violations of due process. The trial court referred the entire matter to a magistrate. In his pretrial memorandum, Cleary identified "the question of the value of the house" as the sole issue for trial.
 {¶ 9} At the July 2004 hearing before the magistrate, Cleary again asserted that this was "a civil rights matter," and that, in light of the Cleary I decision, "the notice questions are out of the way, and * * * the only issue before [the magistrate was] the issue of value." Cleary presented evidence that the measure of his damages was at least $7,000, and that the Hamilton County Auditor had valued the building at $5,000.
 {¶ 10} In its September 28, 2004, written decision, the magistrate agreed with Cleary's view of the scope of the hearing. It stated that the case was remanded "to determine the merits of [Cleary's] claim for damages, specifically the value of the real estate. * * * Questions regarding whether Cleary received notice of the demolition are not before this court, only the value of the demolished property." Despite evidence of the *Page 5 
value of the buildings and the property, the magistrate concluded that Cleary was not entitled to any damages because the building had "zero value."
 {¶ 11} Cleary filed an objection to the magistrate's decision. In its response to the objection, the city stated that it "reserve[d] any arguments and defenses as to whether [Cleary] submitted a prima facie case as to" his claim for violations of Section 1983. The trial court overruled Cleary's objection and affirmed the magistrate's decision without comment.
 Cleary II {¶ 12} But only Cleary appealed the trial court's adoption of the magistrate's decision. Despite its contention that the magistrate had improperly concluded that the due-process issue was not before it, the city did not appeal from the trial court's decision or separately assign as error[2] the magistrate's interpretation of Cleary I.
 {¶ 13} In Cleary v. Cincinnati (Feb. 8, 2006), 1st Dist. No. C-050101 ("Cleary II"), we reversed the trial court's decision on the measure of damages because "[n]o witness ever stated that no one would have ever bought the building or that it had no value." Thus the trial court's judgment was not supported by competent, credible evidence. The case was remanded to the trial court "to determine a value for the building based on the evidence presented." This court did not disturb the magistrate's conclusion, adopted by the trial court, that the constitutional notice elements of Cleary's claim had been definitively determined inCleary I. *Page 6 
 The Fee Hearing {¶ 14} On remand from Cleary II, the trial court reviewed the evidence before it and determined the value of Cleary's damages at $7,000. Neither party has appealed from that judgment. Cleary renewed his motion for attorney fees and costs in the amount of $43,786. The trial court held a hearing on the fee petition and reviewed Cleary's evidence concerning the reasonableness of the requested hourly rate and the number of hours expended to prosecute his civil-rights claims. The trial court concluded that "[t]here is very little dispute about the amount and reasonableness of the fees."
 {¶ 15} But in its May 2006 decision, the trial court denied Cleary's motion for attorney fees because it determined that Cleary had prevailed only "on statutory grounds" rather than on the basis of a due-process violation under Section 1983, and that Cleary thus was not a prevailing party for purposes of a fee award. This appeal followed.
 Who is a Prevailing Party? {¶ 16} Prevailing plaintiffs in Section 1983 actions are entitled to reasonable attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, which added fee-authorizing language to Section 1988.[3]
The fee award "ensure[s] effective access to the judicial process to persons with civil-rights grievances."[4]
 {¶ 17} The threshold determination for a court to award attorney fees under Section 1988 is whether the plaintiff is a prevailing party.[5]
This threshold is crossed in various ways. In Buckhannon Board and CareHome, Inc. v. West Virginia Department of Health and HumanServices, the United States Supreme Court summarized its previous case law and held that, to be a prevailing party for fee purposes, a litigant must *Page 7 
have obtained a judgment on the merits, a consent decree, or some other judicially sanctioned change in the legal relationship of the parties,[6] and must have succeeded on any significant issue in the Section 1983 litigation that has achieved some of the benefit the party sought in bringing suit[7]
 {¶ 18} For example, in Cleveland Constr., Inc. v. Cincinnati, we held that a municipality's failure to follow the mandate of its own ordinance governing the selection of a lowest and best bidder for a construction contract resulted in the unconstitutional deprivation of an unsuccessful bidder's property interest in the contract award.[8] We upheld the trial court's award of attorney fees because the plaintiffs Section 1983 claim had a "distinct effect on the city's behavior" by successfully challenging its Small Business Enterprise program.[9]
 {¶ 19} But trial courts are reluctant to reach claims that involve a constitutional question when the case can be disposed of by the resolution of nonconstitutional, statutory claims. A party that prevails on its statutory claims ought not to be punished for achieving "some bottom-line litigatory success" without the court reaching the Section 1983 claim.[10] Thus a party prevailing on a claim resolved exclusively under state law may still be awarded attorney fees if the state claim was joined in an action with a claim based on a federal right created under Section 1983, the state claim arose out of a common nucleus of operative fact with the federal claim, and the federal claim, although unaddressed, was otherwise substantial.[11] Accordingly the Fees Act provides for attorney-fee awards in *Page 8 
state-court proceedings. The availability of attorney fees is an "integral" part of the Section 1983 remedy, and fees may be awarded in state-court litigation based upon Section 1983 claims.[12]
 Standard of Review {¶ 20} In our previous cases, this court acknowledged that the federal standards for determining entitlement to a Section 1988 fee award control our review of a trial court's decision to award or to deny fees.[13] Thus we recognize a recent change in the deference due to a trial court's threshold determination whether a plaintiff is a prevailing party.
 {¶ 21} After the United States Supreme Court's 2001 attorney-fee decision in Buckhannon, each federal appeals court "to address the issue has determined that the characterization of prevailing-party status for awards under fee-shifting statutes * * * is a legal question subject to de novo review."[14] In Bridgeport Music, Inc. v. London Music,U.K., the United States Court of Appeals for the Sixth Circuit cited the Fifth Circuit's Bailey v. Mississippi decision with approval and reviewed de novo "the district court's threshold prevailing-party determination."[15] Thus this court will review de novo the trial court's legal conclusion in this case that Cleary was not a prevailing party for fee-award purposes. But factual matters related to the fee award, such as the reasonableness or the amount of the fee, remain consigned to the trial court's discretion.[16] *Page 9 
 Law of the Case {¶ 22} In his sole assignment of error, Cleary asserts that the trial court erred in determining that he was not a prevailing party for purposes of the fee-shifting provisions of Section 1988. In his complaint and consistently afterwards, Cleary alleged a denial of due process in violation of Section 1983. The focus of his litigation remained on the constitutionality of the notice the city had provided to Cleary before demolishing his building.
 {¶ 23} The city maintains that the trial court's May 2006 decision that Cleary was not a prevailing party was correct on its merits. In support of that contention, the city argues that "there [had] never been a finding of a constitutional violation," that Cleary failed to prove the elements of a Section 1983 claim, and that Cleary's claim was predicated upon mailings made by a "lower level City employee."[17]
 {¶ 24} But the time to make those arguments on the merits has long since passed. The law-of-the-case doctrine provides that a reviewing court's decision in a case remains the law of that case on the legal questions involved for all subsequent proceedings in that case.[18]
The doctrine "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution."[19]
 {¶ 25} In Cleary I, this court held inter alia that the city's failure to comply with its own established and statutorily mandated policies for providing notice had denied Cleary adequate notice of the demolition of his property and the opportunity to be heard. Any issues about whether Cleary had prevailed on his due-process claim for failure to *Page 10 
receive notice were decided in Cleary I. Similarly, the magistrate's and the trial court's interpretation of Cleary I were wholly adverse to the city. Yet the city did not challenge those rulings. It did not appeal the Cleary I decision to the Ohio Supreme Court, nor did it appeal the magistrate's interpretation of that decision to this court. By failing to file a timely notice of appeal from Cleary I, or from the trial court's entry adopting the magistrate's decision, the city has, in essence, waived the opportunity to contest the conclusion that the city had denied Cleary due process of law. This court will not revisit that issue.
 {¶ 26} The conclusion that the city's notice procedures were constitutionally infirm and violated the due-process requirements of the federal constitution is the law of the case. The city "must endure the consequences of not appealing" those decisions.[20] Thus Cleary is a prevailing party for purposes of Section 1988.[21] The assignment of error is sustained.
 {¶ 27} Therefore, the trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings in accordance with law and this Opinion.
Judgment reversed and cause remanded. PAINTER, P.J., and WINKLER, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See In re Foreclosure of Liens (1980), 62 Ohio St.2d 333,405 N.E.2d 1030.
[2] See R.C. 2505.22; see, also, Glidden Co. v. Lumbermens Mut. Cas.Co., 112 Ohio St.3d 470, 2006-Ohio-6553, 861 N.E.2d 109, at ¶ 30-31 (assignments of error by an appellee who has not appealed from a judgment may be considered by a reviewing court to prevent a reversal of the judgment under review).
[3] See Hensley v. Eckerhart (1983), 461 U.S. 424,103 S.Ct. 1933.
[4] Id. at 429.
[5] See id. at 433; see, also, Texas State Teachers Assn. v. GarlandIndep. School Dist. (1989), 489 U.S. 782, 789, 109 S.Ct. 1486, andDiLaura v. Twp. of Ann Arbor (C.A.6, 2006), 471 F.3d 666, 670.
[6] See (2001), 532 U.S. 598, 604-605, 121 S.Ct. 1835, citingHanrahan v. Hampton (1980), 446 U.S. 754, 758, 100 S.Ct. 1987.
[7] See Hensley v. Eckerhart, 461 U.S. at 433, 103 S.Ct. 1933; see, also, Cincinnati ex rel. Kuntz v. Cincinnati (1992), 79 Ohio App.3d 86,606 N.E.2d 1028.
[8] See 169 Ohio App.3d 627, 2006-Ohio-6452, 864 N.E.2d 116.
[9] Id. at ¶ 53.
[10] Fenton v. Query (1992), 78 Ohio App.3d 731, 738,605 N.E.2d 1303.
[11] See id. at 740, 605 N.E.2d 1303; see, also, Doe v. Cuddy (1985),21 Ohio App.3d 270, 273, 487 N.E.2d 914, and Knutty v. Wallace (1995),100 Ohio App.3d 555, 559-560, 654 N.E.2d 420.
[12] See Maine v. Thiboutot (1980), 448 U.S. 1, 100 S.Ct. 2502; see, also, Conley v. Shearer (1992), 64 Ohio St.3d 284, 292-293,595 N.E.2d 862 (approving Section 1983 proceedings in Ohio courts).
[13] See, e.g., Fenton v. Query, 78 Ohio App.3d at 738,605 N.E.2d 1303.
[14] Bailey v. Mississippi (C.A.5, 2005), 407 F.3d 684, 687
[15] (Mar. 28, 2007), C.A.6 Nos. 05-5045, 05-5046, 05-5047, 05-5048, 05-5049, 05-5050, 05-5051, 05-5052, 05-5053, 05-5054, 05-5055, 05-5056, 05-5057, and 05-5058 (decision not approved for full publication).
[16] See Gibney v. Toledo Bd. of Edn. (1988), 40 Ohio St.3d 152, 158,532 N.E.2d 1300, citing Hensley v. Eckerhart, 461 U.S. at 437,103 S.Ct. 1933; see, also, Fenton v. Query, 78 Ohio App.3d at 737,605 N.E.2d 1303.
[17] Appellee's Brief at 3.
[18] See Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3,462 N.E.2d 410.
[19] Id., citing State ex rel. Potain v. Mathews (1979),59 Ohio St.2d 29, 32, 391 N.E.2d 343
[20] Hawley v. Ritley, 35 Ohio St.3d 157, 160, 519 N.E.2d 390; see, also, Morton Internatl. v. Continental Ins. Co. (1995),104 Ohio App.3d 315, 662 N.E.2d 29, fn. 4.
[21] See Nolan v. Nolan, 11 Ohio St.3d at 3-4, 462 N.E.2d 410; see, also, Hamilton Cty. Bd. of Commrs. v. Cincinnati, 154 Ohio App.3d 504,2003-Ohio-5089, 797 N.E.2d 1027, at ¶ 26-27, and Dater v. Charles H.Dater Found., Inc., 166 Ohio App.3d 839, 2006-Ohio-2479, 853 N.E.2d 699, at ¶ 13. *Page 1